1  DOUGLAS CAIAFA, ESQ.  (State Bar No. 107747)
   DOUGLAS CAIAFA, A Professional Law Corporation
2  11845 West Olympic Boulevard, Suite 1245
   Los Angeles, California 90064
3  (310) 444-5240 - phone
   (310) 312-8260 - fax
4  dcaiafa@caiafalaw.com

5  CHRISTOPHER J. MOROSOFF, ESQ. (State Bar No. 200465)
   LAW OFFICE OF CHRISTOPHER J. MOROSOFF
6  77-760 Country Club Drive, Suite G
   Palm Desert, California 92211
7  (760) 469-5986 - phone
   (760) 345-1581 - fax
8  cjmorosoff@morosofflaw.com

9  Attorneys for Plaintiff JOSE JACOBO

10

11                **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13                      **WESTERN DIVISION**

14  JOSE JACOBO, an individual, individually    )  CASE NO.: 2:15-cv-04701
    and on behalf of all others similarly situated,  )
15                                               )        **CLASS ACTION**
                                                 )
16                Plaintiffs,                    )  COMPLAINT FOR:
                                                 )
17           vs.                                 )  1.   UNFAIR BUSINESS PRACTICES
                                                 )       (California Business & Professions
18                                               )       Code §17200 et seq.);
    ROSS STORES, INC., a Delaware               )  2.   FRAUDULENT BUSINESS
19  Corporation, and DOES 1 through 100,         )       PRACTICES (California Business &
    inclusive,                                   )       Professions Code §17200 et seq.);
20                                               )  3.   UNLAWFUL BUSINESS
                                                 )       PRACTICES (California Business &
21                Defendants.                    )       Professions Code §17200 et seq.); and,
                                                 )  4.   FALSE ADVERTISING (California
22  _____        )       Business & Professions Code §17500
                                                 )       et seq.).
23                                                  5.   VIOLATION OF CALIFORNIA
                                                        CONSUMER LEGAL REMEDIES
24                                                      ACT (California Civil Code §1750 et
                                                        seq.)
25

26                                                  DEMAND FOR JURY TRIAL

27

28

                            -1-
                          COMPLAINT

Comes now Plaintiff JOSE JACOBO ("JACOBO" or "Plaintiff"), individually and on behalf of all others similarly situated (collectively referred to as "Class Members"), and for causes of action against Defendants and each of them, based upon personal knowledge, information and belief, and investigation of his counsel, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d) (the Class Action Fairness Act of 2005 ("CAFA")) because the amount in controversy exceeds the value of $5,000,000, exclusive of interest and costs, because the class consists of 100 or more putative Class Members, and because at least one putative Class Member is diverse from Defendant ROSS STORES, INC. ("ROSS" or "Defendant"), a Delaware corporation with its principal place of business in Dublin, California.

2. This is a civil action brought under and pursuant to the California Business & Professions Code §17200, *et seq*. (the "UCL"), California Business & Professions Code §17500, *et seq*. (the "FAL"), and the California Consumer Legal Remedies Act, California Civil Code §1750, *et seq*. (the "CLRA").

3. Venue is proper in the Western Division of the Central District of California because Defendant transacts business, resides, or is found in this District, Plaintiff resides in Los Angeles County, California, and the transactions which form the basis of Plaintiff's claims against Defendant occurred in Los Angeles County, California, in the City of Industry, and the city of La Puente.

4. The Central District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, with its corporate headquarters and principal place of business in Dublin, California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of approximately 240 retail stores within the State of California, such that the exercise of jurisdiction over Defendant by the California courts is consistent with traditional notions

of fair play and substantial justice.

5.      The Defendant, ROSS, transacts business within the county of Los Angeles, and elsewhere throughout the State of California.  The violations of law alleged herein have been carried out within the County of Los Angeles and throughout the State of California.

## INTRODUCTION

6.      This is a class action against Defendant, which owns and operates a chain of department stores in California known as Ross stores, for labeling the products it sells in its California stores with false and/or misleading comparative prices which purport to be prices charged by other merchants for the same products.  In its direct marketing to consumers via price tags affixed to products sold in its stores, in-store advertising displays, print advertising, and/or via its internet website (www.rossstores.com), Defendant advertises, and/or has advertised throughout the period from June 20, 2011, to the present (the "Class Period"), false and/or misleading comparative prices and corresponding false discounts and/or savings for its apparel and other merchandise.

## PARTIES

7.      Plaintiff JOSE JACOBO (hereinafter "JACOBO" or "Plaintiff") is, and at all times relevant hereto has been, an individual and a resident of Los Angeles County, California.  On over 10 occasions throughout the Class Period, Plaintiff purchased products from Defendant's La Puente and City of Industry Ross stores which were falsely and/or misleadingly labeled as being sold at other retailers for a specific, yet false and/or misleading, comparative price.  The marked "Compare At" prices for the products which Plaintiff purchased from Defendant were not actual prices that other retailers sold those products for, as alleged more fully herein.  Plaintiff purchased products from Defendant throughout the Class Period in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, which he would not otherwise have purchased absent Defendant's false advertising and pricing scheme, and Plaintiff has lost money and/or property and has been damaged as a result.

8.      Plaintiff is informed and believes, and on that basis alleges, that Defendant ROSS

DEPARTMENT STORES, INC. (hereinafter "ROSS" or "Defendant") is a corporation, organized under the laws of the state of Delaware, which is licensed by the California Secretary of State to conduct business in the state of California, and which does conduct substantial business on a regular and continuous basis in the state of California. Defendant's principal place of business is in Dublin, California.

9.     The true names and capacities of the defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants under fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that these defendants, DOES 1 through 100, are in some manner or capacity, and to some degree, legally responsible and liable for the damages of which Plaintiff complains.  Plaintiff will seek leave of Court to amend this Complaint to set forth the true names and capacities of all fictitiously-named defendants within a reasonable time after they become known.

## FACTUAL ALLEGATIONS

10.     Defendant owns and operates approximately 240 Ross stores throughout the state of California.

11.     Unless otherwise stated, on each and every day throughout the Class Period Defendant committed each and every act alleged in paragraphs 12 through 66.

12.     During the Class Period Defendant routinely and systematically made untrue and misleading comparative advertising claims about the prices of its products.

13.     Defendant compared the prices of its products, labeled as the "Ross Price," with prices supposedly charged by other merchants for the same products.  Defendant labeled those comparative prices as the "Compare At" prices for those products.

14.     However, in advertising the "Compare At" price for a product, Defendant was not actually presenting the prevailing market price for that product, i.e. the price at which other merchants were selling the identical product.  Rather, Defendant used vague and misleading measures to inflate the comparative prices, and thus artificially increase the discounts it claimed to be offering consumers.

15.    Though the price tags on Defendant's products simply present a "Compare At" price to the consumer to compare to the significantly lower "Ross Price," with no other definition or explanation of what the "Compare At" price is, embedded on its internet website and found only by actually logging on to Defendant's website, and finding and following a hyperlink at the bottom of its website, Defendant admits that its comparative prices may not actually be prices at which identical items ever sold anywhere, but may instead be prices of "similar" products, or prices of products with "similar styles."

16.    The following pictures are examples of Defendant's comparative pricing scheme:

    

17.    Though Defendant provides no explanation to consumers on its price tags of what the "Compare At" price is, deeply embedded on its internet website Defendant provides the following vague explanation of possible alternative definitions:

# Compare at Pricing

We want you to shop with more information, so many of our products include a comparison price. The comparison price represents a recent documented selling price of the same or similar product in full-price department stores or specialty stores. Where identical products are not available we may compare to similar products and styles. Prices charged for the compared to products may change over time, but our goal is to provide you with a useful comparison point of what you may have paid in a competitive store, so you can be sure you are getting a great bargain

1    when you shop at Ross.

2

3    18.   Defendant's explanation of its "Compare At Pricing" was not placed on the price tag

4          which displayed the "Compare At" price.  Consumers would have had to log on to

5          Defendant's website and follow a hyperlink located at the bottom of Defendant's website

6          to access Defendant's explanation of its "Compare At Pricing."

7    19.   The Federal Trade Commission has noted in its publication, "Dot-Com Disclosures:

8          Information About Online Advertising":

9          "With hyperlinks, additional information, including disclosures, might be placed

10         on a Web page entirely separate from the relevant claim. Disclosures that are an

11         integral part of a claim or inseparable from it, however, should be placed on the

12         same page and immediately next to the claim. In these situations, the claim and

13         the disclosure should be read at the same time, without referring the consumer

14         somewhere else to obtain the disclosure. This is particularly true for cost

15         information or certain health and safety disclosures."

16         Page 7.

17   20.   Critically, the hyperlink to Defendant's explanation of its "Compare At Pricing" was not

18         visible to its customers, including Plaintiff, on or even near the advertised "Compare At"

19         price.  Defendant's "Compare At" prices are, and have been, listed directly on the price

20         tag of each item sold by Defendant at its California Ross stores throughout the Class

21         Period.  The hyperlink to its explanation of its "Compare At Pricing," on the other hand

22         is, and has been, only accessible to consumers from the bottom of Defendant's internet

23         website.  Thus, Defendant's explanation of its "Compare At Pricing" is disclosed to

24         consumers only if the consumer logs onto the internet, finds Defendant's internet website,

25         navigates to the bottom of Defendant's website, and then clicks the "Compare At Pricing"

26         hyperlink located at the bottom of Defendant's internet web page along with other

27         hyperlinks for such things as Defendant's "privacy policy" and website "terms of use."

28   21.   The typical consumer who did not suspect that Defendant was using its own definition of

"Compare At" pricing, and therefore did not postpone his or her purchase to log onto Defendant's internet website and search for an explanation of Defendant's "Compare At" prices, would never encounter Defendant's explanation of its "Compare At Pricing."

22.    Defendant's explanation of its "Compare At Pricing" is an integral part of, and/or inseparable from, its "Compare At" prices.  Therefore, Defendant's explanation of its "Compare At Pricing" should be, and should have been, placed on, or immediately next to, the same price tag on which its "Compare At" price was listed.

23.    Defendant did not permit its customers, including Plaintiff, to view its claimed "Compare At" price and read its explanation of its "Compare At Pricing" at the same time.  Further, Defendant does not, and did not, even refer its customers, including Plaintiff, to its explanation of its "Compare At Pricing" on its internet website.

24.    The Federal Trade Commission has made it clear that such purported disclosures do not even come close to being adequate:

"In reviewing their online ads, advertisers should adopt the perspective of a reasonable consumer. They should assume that consumers don't read an entire Web site, just as they don't read every word on a printed page. In addition, it is important to advertisers to draw attention to the disclosure. Making the disclosure available somewhere in the ad so that the consumers who are looking for the information might find it doesn't meet the clear and conspicuous standard."
Page 4.

25.    At the point where the "Compare At" price was presented to consumers (i.e., on the price tag), Defendant did not draw attention to, or even mention, its explanation of its "Compare At Pricing."

26.    Even if Defendant's explanation of its "Compare At Pricing" could be considered to be a disclosure of its pricing practices, those disclosures were hidden, illusory, and to the extent that they could be understood at all, so contrary to the standard definition of the term "Compare At" pricing that Defendant's representations concerning its "Compare At Pricing" remained untrue, deceptive, and/or misleading.

27.     The price tags placed by Defendant on the products it sells to consumers in its California Ross stores include, and have included, that price at which Defendant offered the particular product to consumers - called the "Ross Price." The price tags also include, and have included, a different, and higher price representing the price at which other merchants supposedly sell the same product - called the "Compare At" price. The Compare At price, however, is, and has been throughout the Class Period, false and/or misleading.

28.     This depiction of prices falsely represented to consumers that the "Compare At" price was the price at which the product typically sold in the marketplace, from which Defendant offered a discount, with the purported discounted price represented as the "Ross Price."

29.     Plaintiff is informed and believes, and on that basis alleges, that even if and when a comparison price may have represented an actual "recent documented selling price" of the same product (as opposed to the supposed price of a "similar" product, or a product with a similar style), Defendant chose the highest price at which the product was selling in the marketplace, and presented that price to consumers as the "Compare At" price for that product.

30.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's untrue and misleading representations accompanied virtually every product sold in its California stores throughout the Class Period, and that Defendant is still making such untrue and misleading comparative claims for many of the products in its California Ross stores.

31.     Defendant represents itself as "the nation's largest off-price retail chain," and a seller of discounted products and/or products sold as part of liquidations of inventory by manufacturers or vendors. Defendant represents to consumers that they can purchase name band products at "20-60% off department store prices every day." Defendant further represents to consumers that they can purchase "quality department and specialty store brands at extraordinary savings a.k.a. bargains."

32.     Defendant represents to consumers that it is in a unique position to offer these

1    extraordinary savings and bargains because of its size and because it is "savvy."

2    33.    Defendant has routinely and systematically made untrue and misleading comparative

3    advertising claims about the prices which other merchants charge for the identical

4    products offered by Defendant.

5    34.    Plaintiff is informed and believes, and on that basis alleges, that often Defendant has not

6    determined or verified the prices other merchants charge for the identical products it sells.

7    Rather, Defendant has used various misleading methods to make up its own "straw-man"

8    prices which it claims other merchants charge for those products, and then claims that its

9    own prices are significantly lower than those "Compare At" prices.

10   35.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has advertised

11   comparative prices which do not exist.

12   36.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has made up

13   prices supposedly charged by other merchants.

14   37.    Defendant knew or should have known that its representations concerning other

15   merchants' prices for identical products were untrue and/or misleading.

16   38.    Defendant's representations were likely to mislead consumers into believing that

17   Defendant's prices were significantly lower than the prices offered by other merchants for

18   the identical products, and that consumers would enjoy significant savings by purchasing

19   those products from Defendant instead of from other merchants.

20   39.    Defendant's false and/or misleading comparative pricing representations made it more

21   likely that consumers would purchase particular products from Defendant.  For some

22   products, Defendant's misleading claims of a huge discount were likely to persuade

23   consumers who were not inclined to purchase the product at all to buy it from Defendant

24   solely because they were misled into believing that they were getting an unusually good

25   deal.

26   40.    Defendant's misrepresentations about its pricing were likely to mislead consumers into

27   believing that Defendant's prices would always be significantly lower than the prices

28   offered by other merchants for the identical products.  Such misrepresentations were

likely to discourage consumers from making the effort to search elsewhere for lower prices.

41.   Defendant misrepresented the existence, nature and amount of price discounts by purporting to offer specific dollar discounts from expressly referenced comparative prices, which were misrepresented as "Compare At" prices.  These purported discounts were false, however, because the referenced comparative prices were fabricated and did not represent true comparative prices for identical products sold by other merchants.  Furthermore, the advertised "Compare At" prices were not the prevailing market retail prices for the products sold by Defendant.

42.   Plaintiff is informed and believes, and on that basis alleges, that the alleged comparative prices affixed to each item at Defendant's California Ross stores at all relevant times throughout the Class Period were false prices and not true prices that other merchants had sold any such item for at any time during the time that such item was marked with the alleged "Compare At" price.

43.   Defendant has engaged in a company-wide, pervasive and continuous campaign of falsely claiming that each of its products has sold at a far higher price by other merchants in order to induce Plaintiff and all Class Member to purchase merchandise at a purportedly marked-down "Ross Price."  Because such practices are misleading, yet effective, California law prohibits them.

44.   Plaintiff is informed and believes, and on that basis alleges, that Defendant's false comparative price advertising scheme, disseminated to California consumers via representations on price tags, as well as in-store advertising, print advertising, and/or internet advertising, has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Defendant's apparel and other merchandise at all of its Ross stores throughout California.  For example, Defendant's pricing scheme has throughout the Class Period been prominently displayed directly on the price tag of each item sold, with express references to alleged comparative retail prices that have never existed and/or do not, and/or did not then, currently constitute

1    the prevailing market retail prices for such apparel and/or other merchandise.

2    45.   Plaintiff is informed and believes and on that basis alleges that tens of thousands, if not

3          hundreds of thousands, of California consumers have been victims of Defendant's

4          deceptive, misleading and unlawful pricing scheme.

5    46.   Defendant knows and has known, should reasonably know, or should have known, that its

6          comparative price advertising scheme is, and has been, false, deceptive, misleading,

7          unfair and/or unlawful under California law.

8    47.   Defendant has fraudulently concealed from, and intentionally failed to disclose to,

9          Plaintiff and other Class Members the truth about its alleged comparative prices.

10   48.   At all times relevant herein, Defendant has been under a duty to Plaintiff and all other

11         Class Members to disclose the truth about its alleged "Compare At" prices.

12   49.   The facts that Defendant misrepresented and/or failed to disclose are material facts that a

13         reasonable person would have considered material; i.e., facts that would contribute to a

14         reasonable person's decision to purchase apparel and/or other merchandise offered for

15         sale by Defendant.  Defendant's false representations of discounts from false comparative

16         prices, and false representations of purported savings, discounts and/or bargains, are

17         objectively material to the reasonable consumer, and therefore reliance upon such

18         representations may be presumed as a matter of law.

19   50.   Plaintiff relied upon such false representations of discounts from Defendant's alleged

20         "Compare At" prices and false representations of purported savings, discounts and

21         bargains when purchasing apparel and other merchandise from Defendant's Ross stores in

22         La Puente and City of Industry, California.

23   51.   Plaintiff and all other Class Members reasonably and justifiably acted and relied to their

24         detriment on Defendant's failure to disclose, and concealment of, the truth about

25         Defendant's false comparative price advertising scheme in purchasing apparel and other

26         merchandise at Defendant's Ross stores throughout California.

27   52.   Defendant intentionally concealed and failed to disclose the truth about its

28         misrepresentations and false comparative price advertising scheme for the purpose of

1   inducing Plaintiff and others similarly situated to purchase apparel and other merchandise

2   at each of Defendant's Ross stores throughout California.

3   53.   Through its false and deceptive marketing, advertising and pricing scheme, Defendant has

4         violated, and continues to violate, California law which prohibits advertising goods for

5         sale at a discount when compared to false prices at which other merchants purportedly

6         sell the goods at, and prohibits misleading statements about the existence and amount of

7         comparative prices.  Specifically, Defendant has violated, and continues to violate, the

8         UCL, the FAL, the CLRA, and the Federal Trade Commission Act ("FTCA"), which

9         prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C.

10        §45(a)(1)), and specifically prohibits false advertisements (15 U.S.C. §52(a)).

11  54.   Under the FTCA, advertising must be truthful and non-deceptive, advertisers such as

12        Defendant must have evidence to back up their claims, and advertisements cannot be

13        unfair.  An advertisement is deceptive, according to the FTC, if it contains a misstatement

14        or omits information that is likely to mislead consumers acting reasonably under the

15        circumstances, and the statement or omitted information is material - that is, important to

16        a consumer's decision to buy or use the product.

17  55.   The Federal Trade Commission "Guides Against Deceptive Pricing" ("FTC Guides")

18        states:

19        "Typically, a list price is a price at which articles are sold, if not everywhere, then

20        at least in the principal retail outlets which do not conduct their business on a

21        discount basis. It will not be deemed fictitious if it is the price at which substantial

22        (that is, not isolated or insignificant) sales are made in the advertiser's trade area

23        (the area in which he does business). Conversely, if the list price is significantly in

24        excess of the highest price at which substantial sales in the trade area are made,

25        there is a clear and serious danger of the consumer being misled by an advertised

26        reduction from this price."

27  56.   A reasonable consumer would interpret a "Compare At" price as the price at which a

28        substantial number of vendors are selling the identical product.

-12-

COMPLAINT

57.   The FTC Guides further state:

"Whenever an advertiser represents that he is selling below the prices being charged in his area for a particular article, he should be reasonably certain that the higher price he advertises does not appreciably exceed the price at which substantial sales of the article are being made in the area – that is, a sufficient number of sales so that a consumer would consider a reduction from the price to represent a genuine bargain or saving."

16 Code of Federal Regulations §233.2(a).

58.   Defendant's use of the term "Compare At" on its price tags does not, and did not, conform to the FTC Guides.  Plaintiff is informed and believes, and on that basis alleges, that in deciding on a price to advertise as the "Compare At" price for a product, Defendant did not take care to ensure that the "Compare At" price did not appreciably exceed the price at which substantial sales of the article were being made.

59.   Plaintiff is informed and believes, and on that basis alleges, that Defendant was often ignorant of the price at which other merchants were selling the identical products to consumers, and that Defendant did not know whether the "Compare At" price it advertised accurately reflected the price at which the product was typically offered in the marketplace.

60.   Plaintiff is informed and believes, and on that basis alleges, that Defendant failed to verify that its "Compare At" price for its products did not exceed the price at which substantial sales of he product were being made in the marketplace.

61.   The result of Defendant's ignorance of the accuracy of its "Compare At" prices, and its failure to verify that accuracy, was that consumers were misled into believing that they were receiving substantial savings on the purchase of Defendant's products when compared to prices charged for those same products at other retailers.  Plaintiff is informed and believes, and on that basis alleges, that consumers were on occasion misled into paying more for Defendant's products than they would have paid for identical products sold by other merchants.

62.     In some cases Defendant admittedly believed that there was no comparable price for the product sold and labeled by Defendant with a "Compare At" price.

63.     In those circumstances, Defendant could have refrained from advertising a "Compare At" price and allowed consumers to do their own comparative shopping to decide whether the product offered sufficient value at the "Ross Price."  Defendant's decision to advertise a price which did not actually exist was likely to deceive consumers by representing that the marketplace had assigned a retail price to that product, and that Defendant's discount off that retail price made Defendant's price attractive.  Defendant's representation of the "Compare At" price as an actual price being charged for that product was more than just unlawful and unfair - it was fraudulent.

64.     Defendant knew or should have known that creating either a fictitious or inflated "Compare At" price to create either a fictitious or inflated discount or savings, was unlawful.

65.     The use of the term "Compare At" by Defendant on the price tags of the products sold in its California stores constituted the dissemination of an untrue and misleading statement to consumers about the price of the product so listed as compared with the prices offered by other merchants for the same product.  Defendant knew, or by the exercise of reasonable care should have known, that those statements were untrue and/or misleading. Each such statement constitutes, and has constituted, a separate violation of California Business & Professions Code §17500.  Each such statement also violates, and has violated, California Civil Code §1750(a)(13).

66.     Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and injunctive relief under the UCL, FAL and CLRA to stop Defendant's pervasive and rampant false and misleading advertising and marketing campaign.

**PLAINTIFF'S PURCHASES**

67.     Plaintiff purchased numerous products throughout the Class Period from Defendant's Ross stores in La Puente and City of Industry, California, in reliance on Defendant's false advertising and false price comparisons, which he would not otherwise have purchased

1   but for Defendant's false advertising and false price comparison scheme as described

2   herein.

3   68.   With respect to each such purchase, Plaintiff purchased those products from Defendant

4   after viewing and relying on Defendant's advertising which included false and/or

5   misleading "Compare At" comparison prices placed on the price tags of the items which

6   Plaintiff purchased.  Plaintiff is informed and believes, and on that basis alleges, that the

7   "Compare At" comparison prices, and the corresponding price reductions and/or savings,

8   were false and deceptive.  Plaintiff is further informed and believes, and on that basis

9   alleges, that the prevailing retail prices for the items that he purchased from Defendant

10  were materially lower than the "Compare At" prices advertised by Defendant.  Plaintiff

11  would not have purchased any such product from Defendant in the absence of

12  Defendant's false, and/or deceptive, and/or misleading advertising, and/or

13  misrepresentations.

14  **CLASS ACTION ALLEGATIONS**

15  69.   Plaintiff brings this action on behalf of himself and on behalf of all other persons

16  similarly situated (the "Class" or "Class Members"), namely:

17  All persons who, while in the State of California, and between June 20, 2011, and

18  the present (the "Class Period"), purchased from ROSS one or more items at any

19  Ross store in the State of California with a price tag that contained a "Compare

20  At" price which was higher than the "Ross Price" listed on the price tag, and who

21  have not received a refund or credit for their purchase(s).  Excluded from the

22  Class are Defendant, as well as its officers, employees, agents or affiliates, and

23  any judge who presides over this action, as well as all past and present employees,

24  officers and directors of ROSS.

25  70.   Plaintiff reserves the right to expand, limit, modify, or amend this class definition,

26  including the addition of one or more subclasses, in connection with his motion for class

27  certification, or at any other time, based upon, among other things, changing

28  circumstances and/or new facts obtained during discovery.

71. Each member of the proposed Class herein has been exposed to Defendant's false and/or misleading pricing and advertising scheme.

72. Plaintiff is and has been a member of the proposed Class described herein.

73. The number of persons in the proposed Class herein is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the proposed Class herein includes over 100,000 persons.

74. Common questions of law and/or fact exist in this case with respect to the proposed Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

75. The common questions of law and/or fact include, but are not limited to:

    a. Whether, during the Class Period, Defendant used false and/or misleading "Compare At" prices on the price tags of items sold in its California Ross stores, and whether Defendant falsely advertised comparative price discounts on its apparel and/or other merchandise;

    b. Whether, during the Class Period, the "Compare At" prices advertised by Defendant were in fact the prevailing market prices for the respective identical items sold by other retailers in the marketplace at the time of the dissemination and/or publication of the advertised "Compare At" prices;

    c. Whether Defendant's use of false or deceptive comparative prices false advertising under California law;

    d. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under California law;

    e. Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and discounts;

    f. Whether Defendant has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

g.      Whether Defendant's conduct, as alleged herein, was intentional and knowing;

h.      Whether Class Members are entitled to damages and/or restitution; and, if so, what amount of revenues and/or profits Defendant received, and what amount of money is and/or was lost by Class Members as a result of the conduct alleged herein; and,

i.      Whether Defendant continues to use false, misleading and/or illegal price comparisons such that an injunction is necessary.

76.     Plaintiff's claims and those of all other members of the proposed Class arise out of a common course of conduct by Defendant.

77.     The claims of the named Plaintiff in this case are typical of, and not antagonistic to, those of the other Class Members which he seeks to represent.  Plaintiff and the Class he seeks to represent have all been exposed to and deceived (or were likely to be deceived) by Defendant's false comparative price advertising scheme, as alleged herein.

78.     Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

79.     A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

80.     The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

81.     Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the Class Members he seeks to represent.  Plaintiff will fairly and adequately represent and protect the interest of the Class because he is not antagonistic to the Class.  Plaintiff has retained counsel who are

competent and experienced in the prosecution of consumer fraud and class action litigation.

82. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class Members' claims.  Because of the relatively modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress of the wrongs complained of herein on an individual basis.  Absent the class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its misdeeds and continue its unlawful conduct.

83. All Class Members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that comparative advertised prices were in existence.  Due to the scope and extent of Defendant's consistent false price advertising scheme, disseminated in a massive, years-long campaign to California consumers via its false and/or misleading "Compare At" prices placed on the price tags of the products sold in its California Ross stores, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class Members, including Plaintiff, affirmatively acted in response to the representations contained in Defendant's false comparative price advertising scheme when purchasing apparel and/or other merchandise at each and any of Defendant's Ross stores in California.

84. Plaintiff is informed and believes, and on that basis alleges, that Defendant keeps extensive computerized records of its customers through, among other things, customer loyalty programs, email lists, and general marketing programs.  Plaintiff is informed and believes, and on that basis alleges, that Defendant has one or more databases through which a significant majority of Class Members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

**FIRST CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

(California Business & Professions Code §17200 *et seq.*)

<u>(By Plaintiff on behalf of himself and all others similarly situated, and the general public</u>)

85.   Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 84 of this Complaint.

86.   The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

87.   A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

88.   Defendant has violated the "unfair" prong of the UCL by representing false comparative prices and corresponding price discounts and/or savings for its apparel and other merchandise where Defendant, in fact, inflated or fabricated the purported "Compare At" prices for such products such that the promised discount and/or saving was false, misleading and/or deceptive.

89.   These acts and practices were unfair because they caused Plaintiff, and were likely to cause consumers, to falsely believe that Defendant is, and has throughout the Class Period been, offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception has induced reasonable purchasers, including Plaintiff, to buy such products, which they otherwise would not have purchased.

90.   The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices.  By committing the acts and practices

alleged above, Defendant engaged in unfair business practices within the meaning of California Business & Professions Code §17200, *et seq*.

91. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION

### FRAUDULENT BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq*.)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

92. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 91 of this Complaint.

93. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

94. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

95. Defendant's false comparative prices, including, but not limited to, its "Compare At" prices placed on the price tags of the products sold in its California Ross stores, were "fraudulent" within the meaning of the UCL because they deceived Plaintiff, and were likely to deceive members of the Class, into believing that Defendant was offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not, in fact, exist. As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This

perception induced reasonable purchasers, including Plaintiff, to buy such products from Defendant's Ross stores in California, which they otherwise would not have purchased.

96.    Defendant's acts and practices as described herein have deceived Plaintiff and were highly likely to deceive members of the consuming public.  Specifically, in deciding to purchase apparel and other merchandise at Defendant's Ross stores, Plaintiff relied on Defendant's misleading and deceptive representations regarding its supposed "Compare At" prices.  Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and Plaintiff would not have purchased those items in the absence of Defendant's misrepresentations.  Accordingly, Plaintiff suffered monetary loss as a direct result of Defendant's unlawful practices described herein.

97.    As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and members of the proposed Class.  Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

98.    Through its fraudulent acts and practices, Defendant has improperly obtained money from Plaintiff and the Class.  As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES**

(California Business & Professions Code §17200 *et seq*.)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

99.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 98 of this Complaint.

100.    The UCL defines unfair business competition to include any "unlawful, unfair or

fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

101.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

102.   The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)) and specifically prohibits false advertisements.  15 U.S.C. §52(a)).

103.   Cal. Civ. Code §1770(a)(13), prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

104.   Defendant's use of and reference to a materially false "Compare At" price on the price tags of its apparel and other merchandise sold to consumers in its California Ross stores violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Guidelines published at Title 16, Code of Federal Regulations, §233.  It also violated and continues to violate Cal. Bus. & Prof. Code §§17200 and 17501, and Cal. Civ. Code §1770(a)(13) by advertising false comparative prices that were, in fact, not the prevailing market prices at other retailers in the marketplace at the time of the publication and dissemination of the advertisements containing the false comparative prices.

105.   As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and members of the proposed Class.  Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

106.   Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class.  As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL, and/or from violating the UCL in the future.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**FALSE ADVERTISING**

(California Business & Professions Code §17500 *et seq*.)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

107.   Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 106 of this Complaint.

108.   The California False Advertising Law ("FAL") prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

109.   Defendant's practice of advertising allegedly comparative "Compare At" prices associated with its apparel and other merchandise, which were materially greater than the true prevailing prices of those products, and/or not true comparative prices for those products, was an unfair, deceptive and misleading advertising practice because it gave the false impression that the products sold by Defendant regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were.  In fact, the apparel and other merchandise sold by Defendant at its Ross stores in California did not have a prevailing market price close to the "Compare At" prices advertised.

110.   On each day throughout the Class Period, Defendant, with the intent to induce members of the public to purchase products offered at its California Ross stores, made or caused to be made each of the untrue and/or misleading statements, claims, and/or representations described herein.

111.   On each day throughout the Class Period, Defendant, with the intent to induce member of the public to purchase products offered at its California Ross stores, made or caused to be made untrue and/or misleading claims to consumers throughout California including, but not limited to, the following claims with respect to products offered for sale at its California Ross stores:

a.   That a product offered by Defendant was identical to a product offered by another

merchant (such that the price charged was comparable), when in fact Defendant's product was unique or otherwise not offered for sale elsewhere, and no such comparable product existed.

 b. That when other merchants did offer an identical product for sale, that Defendant had previously ascertained and/or determined the price at which those merchants typically offered that identical product for sale.

 c. That the "Compare At" price for a product was the price at which other merchants typically offered that identical product for sale.

 d. That the "Ross Price" for a product was lower than the price at which other merchants typically offered that identical product for sale.

 e. That the "Ross Price" for a product was a discount from the price at which other merchants typically offered that identical product for sale.

 f. That Defendant had previously sold that product at the "Compare At" price advertised for that product.

112. Defendant knew, or by the exercise of reasonable care should have known, that these claims were untrue and/or misleading.

113. In addition to the allegations made above, each of Defendant's statements, claims, and/or representations described herein were untrue and/or misleading because, among other things:

 a. Defendant set "Compare At" prices without ascertaining and/or determining the prices at which other merchants typically sold the identical products;

 b. Defendant's "Compare At" prices were fictitious, having been based on something other than the prices at which other merchants typically sold those identical products;

 c. Defendant's "Compare At" prices were calculated by using the highest sales price at which another merchant was offering the identical product for sale, instead of the price at which other merchants typically offered that product for sale to consumers; and/or

-24-

COMPLAINT

      d.      The "Compare At" prices were higher than the lowest price at which a consumer would commonly be able to purchase the identical product at a retail establishment in the consumer's area, and:

          1.    Defendant knew that the "Compare At" price was higher than the lowest price at which a consumer would commonly be able to purchase the identical product at a retail establishment in the consumer's area; or

          2.    Defendant did not know whether merchants were typically offering the product for sale at the "Compare At" price.

114. When Defendant made or caused to be made the untrue and/or misleading claims, statements, and/or misrepresentations described herein to consumers in California, Defendant failed to adequately disclose the facts pleaded herein.

115. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the FAL, and/or from violating the FAL in the future. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

(California Civil Code §1750 *et seq.*)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

116. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 115 of this Complaint.

117. On each day throughout the Class Period, Defendant, with the intent to induce members of the public to purchase products offered at its California Ross stores, made or caused to be made false and/or misleading claims to consumers throughout California including, but not limited to, the following claims with respect to products offered for sale at its California Ross stores:

a.     The existence and/or amounts of the price reductions represented by the difference between the "Compare At" price and the "Ross Price"; and,

b.     The existence and/or amount of the savings to a consumer purchasing a particular product from Defendant instead of another merchant represented by the difference between the "Compare At" price and the "Ross Price."

118.   Plaintiff and each member of the proposed Class are "consumers" within the meaning of Civil Code §1761(d).

119.   Defendant's sale of clothing and other merchandise at its Ross stores in California to Plaintiff and other Class Members are "transactions" within the meaning of Civil Code §1761(e).

120.   The clothing and other merchandise purchased by Plaintiff and other Class Members at Defendant's Ross stores in California throughout the Class Period are "goods" within the meaning of Civil Code §1761(a).

121.   Defendant has engaged in unfair methods of competition, and/or unfair and/or deceptive acts or practices against Plaintiff and other Class Members, in violation of the CLRA, by making false and/or misleading statements of fact concerning the reasons for, the existence of, and/or the amount(s) of price reductions for its products sold to Plaintiff and other Class Members at its California Ross stores throughout the Class Period. Defendant provided a false and/or misleading "Compare At" price on the price tags of the items sold in its California Ross stores, and compared that false and/or misleading "Compare At" price to the "Ross Price" at which Defendant sold the items, to give the illusion to consumers that they were receiving a discount, or achieving a saving or bargain when compared to the purchase of those same items at other retailers in the consumer's area.  The promised discounts, savings, and/or bargains, however, were false.

122.   Defendant's acts and/or practices described herein are in violation of Civil Code §1770(a)(13).

123.   As a result of Defendant's acts and/or practices described herein, Plaintiff and other Class Members have been damaged in that Defendant's unlawful, false and/or misleading acts

and/or practices described herein played a substantial and material role in Plaintiff's and other Class Members' decisions to purchase products at Defendant's Ross stores in California.  Absent these acts and/or practices, Plaintiff and other Class Members would not have purchased the products that they did from Defendant.

124.   Pursuant to California Civil Code §1780(a)(2), Plaintiff, on behalf of himself and all other Class Members, requests that this Court enjoin Defendant from continuing to engage in the unlawful and deceptive methods, acts and/or practices alleged herein. Unless Defendant is permanently enjoined from continuing to engage in such violations of the CLRA, California consumers will continue to be damaged by Defendant's acts and/or practices in the same way as those acts and/or practices have damaged Plaintiff and other Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of all members of the proposed Class herein, prays for judgment against Defendants as follows:

**CLASS CERTIFICATION**:

1.   An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative, and Plaintiff's counsel be appointed Class Counsel.

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 et seq., and 17500 et seq.**:

2.   A judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices described herein.

3.   An order enjoining Defendant from continuing to violate the UCL and/or FAL as described herein, and/or an order enjoying Defendant from violating the UCL and/or FAL in the future.

4.   A judgment awarding Plaintiff his costs of suit; including reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5 and as otherwise permitted by statute or

1   law; and pre- and post-judgment interest; and,

2   5.      For such other and further relief as the Court may deem proper.

3   **VIOLATION OF CIVIL CODE §1770**:

4   6.      An order enjoining Defendant from continuing to violate the CLRA as described herein,

5           and/or an order enjoying Defendant from violating the CLRA in the future;

6   7.      A judgment awarding Plaintiff his costs of suit; including reasonable attorneys' fees

7           pursuant to Civil Code §1780(d) and as otherwise permitted by statute; and pre- and post-

8           judgment interest; and,

9   8.      For such other and further relief as the Court may deem proper.

10                              **DEMAND FOR JURY TRIAL**

11          Plaintiff hereby demands a trial by jury for all claims so triable.

14  Dated: June 20, 2015                    LAW OFFICE OF CHRISTOPHER J. MOROSOFF

16                              By: _____
17                                  CHRISTOPHER J. MOROSOFF
                                    Attorneys for Plaintiff

-28-
COMPLAINT