DAVID F. MCDOWELL (CA SBN 125806)
DMcDowell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

KEVIN M. COLES (CA SBN 271518)
KColes@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
ROSS STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JACOBO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROSS STORES, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:15‑cv‑04701‑MWF (AGRx)<br><br>**DEFENDANT ROSS STORE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   February 5, 2016<br>Time:  11:00 a.m.<br>Dept.:  1600<br>Judge:  Hon. Michael W. Fitzgerald |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

II. PLAINTIFFS' OPPOSITION .................................................................... 1

III. PLAINTIFFS LACK STANDING. ............................................................ 3

    A. Plaintiffs Lack Statutory Standing. ................................................. 3

    B. Plaintiffs Cannot Sue Over Products Not Purchased. ..................... 5

IV. PLAINTIFFS FAIL TO STATE A CLAIM UNDER RULE 12(B)(6). ...... 6

    A. Plaintiffs Fail to Allege Facts Showing that Ross's "Compare At" Pricing is Inaccurate or Deceptive. ............................................ 7

    B. Plaintiffs Fail to Identify a Cognizable Duty to Disclose Any Information Not Already Disclosed. ................................................ 10

    C. Plaintiffs' Cited Studies are Irrelevant. ........................................... 11

V. PLAINTIFFS FAIL TO SATISFY ADDITIONAL PLEADING REQUIREMENTS UNDER UCL, FAL AND CLRA. ............................. 12

    A. Plaintiffs Fail to State a Claim "Upon Which Relief Can Be Granted." ........................................................................................... 12

    B. The FAC Cannot Support an "Unfairness" Claim. ......................... 13

    C. The FAC Cannot Support an "Unlawful" Claim. ........................... 13

    D. The FAC Fails to Support a False Advertising Claim. ................... 14

    E. The FAC Fails to State a Claim under the CLRA. ......................... 14

VI. CONCLUSION .......................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Branca v. Nordstrom, Inc.*,
  No. 14-cv-02062-MMA (JMA) (S.D. Cal. Oct. 9, 2015) .......................... 5, 8, 9

*Branca v. Nordstrom, Inc.*
  No. 14-cv-02062-MMA (JMA) (S.D. Cal. Mar. 20, 2015) ............................ 12

*Dorsey v. Rockhard Labs., LLC*,
  No. CV 13-07557 DDP, 2014 WL 4678969 (C.D. Cal. Sept. 19, 2014).......... 6

*Flood v. Nat'l Football League*,
  No. 2:08-cv-0091-GEB-JFM-PS,
  2009 WL 86577 (E.D. Cal. Jan. 8, 2009)........................................................ 13

*Hinojos v. Kohl's Corp.*
  718 F.3d 1098 (9th Cir. 2013)...................................................................... 3, 4

*Horosny v. Burlington Coat Factory of Cal., LLC*,
  No. 15-cv-05005-SJO (C.D. Cal. Oct. 26, 2015)........................................ 9, 10

*In re Tobacco Cases II*,
  240 Cal. App. 4th 779 (2015)......................................................................... 13

*Mahfood v. QVC, Inc.*,
  No. SACV 06-0659 AG (ANx),
  2007 WL 9363986 (C.D. Cal. Feb. 7, 2007) .................................................... 9

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012).............................................................. 6

*O'Donnell v. Bank of Am. Nat'l Ass'n,*
  504 F. App'x 566 (9th Cir. 2013)................................................................... 13

*People v. Overstock.com,*
  No. RG10-546833 (Alameda Cnty. Super. Ct. Feb. 5, 2014)........................... 9

*Rubenstein v. Neiman Marcus Grp. LLC*,
  No. 14-cv-07155 (C.D. Cal Mar. 2, 2015) ..................................................... 12

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
   72 Cal. App. 4th 861 (1999) ........................................................................ 5, 11

*Sperling v. DSW Inc.*,
   No. EDCV 15-1366-JGB (C.D. Cal Nov. 19, 2015) ..................................... 7, 8

**STATUTES & REGULATIONS**

Cal. Bus. & Prof. Code
   § 17501 ........................................................................................................ 4, 10

16 C.F.R.
   pt. 233 ................................................................................................................ 2
   § 233.2 ............................................................................................................. 11

29 Fed. Reg. 178 (June 8, 1964) ............................................................................. 11

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' First Amended Complaint ("FAC") (ECF No. 24) pleads no facts to demonstrate that Ross Store, Inc.'s ("Ross" or "Defendant") pricing is materially misleading or deceptive, or that the "Compare At" prices of the items they purchased did not meet their own expectation or accurately reflect the prices charged by other retailers for the same product. As such, Plaintiffs fail to show any injury-in-fact caused by any false or misleading representation on the part of Ross. Plaintiffs' Opposition (ECF No. 37) does nothing to explain these defects, but merely reiterates the same conclusory—and therefore inadequate—allegations.

The Opposition, in fact, retreats from the FAC's unsupported allegations that Ross's "Compare At" prices were somehow fabricated or inflated. Instead, Plaintiffs' Opposition now focuses on Ross' definition of the term, arguing that Ross's definition inherently causes confusion and misleads reasonable consumers. But even if Plaintiffs were somehow correct about this, they still fail to allege any facts showing that Ross made any material representations or that they engaged in any deceptive business practices. As even Plaintiffs concede, the "Compare At" prices they encountered may well have met their alleged expectations (*see* FAC ¶ 61), and Plaintiffs make no attempt to explain their failure to investigate this question before running to court.

As shown below, Plaintiffs seek categorically to indict any use of the term "Compare At" and impose strict liability on any retailer who uses it, despite the fact that the FTC clearly permits such comparable value comparisons. Plaintiffs fail to identify any per se rule of law prohibiting Ross from using the term as it does.

Given the shortcomings with the complaint and the theory, Ross respectfully requests that the FAC be dismissed.

## II. PLAINTIFFS' OPPOSITION

Plaintiffs' Opposition does nothing to show that Plaintiffs have standing to bring their claims, or that they adequately plead those claims under Rule 9(b).

Instead, the Opposition makes a series of conclusory assertions that the FAC "adequately alleges facts" in support of its claims, and fails to identify adequate support for its conclusions. For instance, Plaintiffs assert that the FAC adequately shows "that Plaintiffs suffered injury (i.e., lost money or property) as a result of Defendant's deceptive reference price advertising" (Opp. at 3:6-8), yet fail to explain how the "Compare At" prices Plaintiffs saw failed to meet their expectations (or even whether they, in fact, inaccurately represented the prevailing market price for those items). Plaintiffs assert that they "paid more for the items they bought from Defendant than they otherwise would have paid, and that they bought those items . . . when they otherwise would not have done so" (Opp. at 6:9-11), yet, in contrast to the examples of deceptive practices set forth in the FTC's *Guide Against Deceptive Pricing, see, e.g.*, 16 C.F.R. pt. 233 ("FTC Guide"), Plaintiffs have not identified a retailer anywhere that sold the purchased items for a price below Ross's "Compare At" prices.

Plaintiffs assert that they have adequately alleged that Ross's reference price advertising "has a capacity, likelihood or tendency to deceive or confuse the public" (Opp. at 5:3-5), yet ignore their own failure to allege facts showing that Ross fabricated or inflated any of the "Compare At" prices, and never adequately identify any other material purportedly material misrepresentation attributable to Ross.

Plaintiffs assert that they have adequately alleged that Ross's disclosures about how it defines "Compare At" pricing are not "clear or conspicuous" (Opp. at 21:15-17), yet fail to identify any applicable legal duty to meet this standard or explain how Ross's website and in-store disclosures fail to meet it.

Finally, Plaintiffs assert that they have adequately alleged "the who, what, when, where, and how, regarding Defendant's deceptive reference prices" (Opp. at 21:28-22:1), yet fail to explain who saw a materially deceptive Compare At price, what the prevailing price actually was, when and where most purchases were made, where Ross's disclosures were "out of plain view" (Opp. at 1:13-16), and how

Plaintiffs suffered any injury-in-fact.

Despite all these shortcomings, Plaintiffs' Opposition boldly asserts that "Plaintiffs have standing to sue on behalf of all of Ross customers who purchased any item during the Class Period with a Compare At price tag" (Opp. at 3:12-14), and that "Plaintiffs' claims do not depend on what type of products they purchased, the specific characteristics of those products, or the exact prices listed on the tags of the products they purchased." (Opp. at 3:8-10.) By this measure, anyone who purchased a product with a "Compare At" price tag would have an actionable claim, whether or not their expectations were met, whether or not they got a good deal, and whether the price comparison was accurate and truthful. This is not the law. Plaintiffs' Opposition merely shows that Plaintiffs are overreaching. Their allegations fall far short of stating a claim for relief.

## III. PLAINTIFFS LACK STANDING.

Ross argues in its Motion to Dismiss (the "MTD") (ECF No. 25) that Plaintiffs lack Article III standing for failure to show injury-in-fact. (MTD at 11:9-23.) Specifically, Plaintiffs offer no support for the belief that the "Compare At" prices to which they were exposed at the time of purchase were not, in fact, the "prevailing retail prices" they allegedly understood them to be. The Opposition fails entirely to address this argument, and does nothing to refute it. For this reason alone, Ross's MTD should be granted.

### A. Plaintiffs Lack Statutory Standing.

Ross also shows in the MTD that Plaintiffs lack statutory standing to bring claims under the UCL, FAL, and CLRA because they have suffered no economic injury. (MTD at 11:24-12:11.) Specifically, the FAC does not sufficiently allege that Plaintiffs received something worth less than what they paid, or that they did not get a good deal.

The Opposition does not deny that Plaintiffs got good deals. Instead, Plaintiffs rely on *Hinojos v. Kohl's Corp.* 718 F.3d 1098, 1104 (9th Cir. 2013) to

argue that they need allege nothing more than that they paid more for a product than they otherwise would have paid (Opp. at 6:8-13), and that the Ninth Circuit rejects the "benefit of the bargain theory. (Opp. at 5:13-14.) Plaintiffs misstate the law and their reliance on *Hinojos* is misplaced.

First, *Hinojos* is factually distinguishable because that case involved "former price" comparisons, not "Compare At" pricing. (*See* MTD at 12 n.3.) This distinction is important because the FAL specifically prohibits "former price" advertising unless it complies with certain requirements, including that the former price was the "prevailing market price . . . within three months" of the publication or unless the date when the former price prevailed is "clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501. No similar law applies to "Compare At" pricing. Furthermore, the plaintiff in *Hinojos* alleged a clear deception: that the department store never sold the item at the purported "former" price. Here, as discussed below, no specific facts are alleged to show how Plaintiffs were deceived.

Additionally, *Hinojos* does not foreclose the "benefit of the bargain" theory in this case. As that court explained, the theory "is permissible[, but] only if the misrepresentation that the consumer alleges was not 'material'," meaning that a "reasonable consumer would attach importance to it *or* . . . the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action." 718 F.3d at 1107. In *Hinojos*, the court found that "former price" advertisements were material specifically because the legislature made a decision to prohibit them. *Id.* Here, however, no similar law prohibits the kind of "Compare At" prices challenged.

In fact, the FAC fails to show that Plaintiffs were exposed to a material misrepresentation for several reasons. First, the FAC fails to support conclusory allegations that Ross somehow fabricated or inflated its "Compare At" prices, and the Opposition makes no attempt to rehabilitate those allegations. Second,

Plaintiffs concede that Ross's "Compare At" prices could well have accurately represented prevailing market prices as Plaintiffs expected. FAC ¶ 67.) Third, Plaintiffs assert that Ross's definition of "Compare At" pricing is inherently deceptive because it incorporates two alternative reference points and a reasonable consumer would think only one reference point was used. (Opp. at 13:24-14:4.) Yet, as Plaintiffs acknowledge, Ross discloses this definition to consumers on its website and in stores. (FAC ¶ 87.) As a matter of law, Ross's use of "Compare At" pricing is not deceptive. *See S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 878-90 (1999) (as a matter of law, business practice is not deceptive, misleading, or fraudulent if information is already available to consumer).

Because Plaintiffs fail to allege a material misrepresentation attributable to Ross, or a failure to receive the full benefit of the bargain with respect to their purchases, they cannot establish economic injury, and therefore lack standing to bring claims under the UCL, FAL or CLRA.

### B. Plaintiffs Cannot Sue Over Products Not Purchased.

Ross argues that Plaintiffs cannot expand the scope of their claims to include products they never purchased or advertisements never relied upon. (MTD at 12:12-13:8.) Plaintiffs respond that they should have standing to sue on behalf of "all purchasers of any product with 'Compare At' price tags because Plaintiffs challenge 'the same basic mislabeling practice across products.'" (Opp. at 24:7-10.)

Plaintiffs here rely on *Branca v. Nordstrom, Inc.,* No. 14-cv-02062-MMA (JMA) (S.D. Cal. Oct. 9, 2015) (Pls.' Request for Judicial Notice In Supp. of Opp'n to Def's Mot. to Dismiss Pls.' First Am. Compl. ("Pls.' RJN") Ex. C, ECF No. 38-3), but that case is distinguishable for two reasons. First, unlike Ross, the defendant in that case never disclosed its definition of "Compare At" prices, so every customer was similarly deprived of material information. Second, the *Branca*

plaintiffs alleged a far more plausible theory regarding how the defendant's use of "Compare At" pricing deceived them.[1] (*See* MTD at 16:23-17:20.)

Plaintiffs also argue that it is immaterial to their claims what kind of products were purchased for purposes of standing (Opp. at 23:15-24:10), yet this claim contradicts their own FAC, which materially distinguishes between "close out" items, which are sold at other department stores, and "makeup" items, which were sold exclusively at Ross. (*See* FAC ¶¶ 76-81; MTD at 6:8-21.) This distinction is important because Plaintiffs argue that a reasonable consumer would expect "Compare At" prices to represent prices "for those same products at other retailers" (FAC ¶ 49), and this is exactly what Ross's "Compare At" prices represent with respect to "close out" items. By Plaintiffs' own theory, they cannot show that a reasonable consumer would be misled by Ross's "Compare At" pricing for "close out" items.

Plaintiffs therefore lack standing to bring claims for products not purchased.

## IV. PLAINTIFFS FAIL TO STATE A CLAIM UNDER RULE 12(B)(6).

Ross shows that Plaintiffs' claims all stem from allegations that their "Compare At" price tags are "falsely, deceptively and/or misleadingly" labeled, and therefore, Rule 9(b) applies. (MTD at 14:15-19.) Plaintiffs do not deny this, but assert that the pleading standards are "relaxed" with respect to "allegations of fraud

---

[1] Plaintiffs also cite *Dorsey v. Rockhard Laboratories, LLC*, No. CV 13-07557 DDP (RZx), 2014 WL 4678969 (C.D. Cal. Sept. 19, 2014), and *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861 (N.D. Cal. 2012) in support of their claim to have standing to sue for products never purchased. Those cases are distinguishable because, unlike here, where thousands of different products are implicated, *Dorsey* involves several iterations of a single product, while *Miller* involves five similar chocolate products. In fact, *Miller* supports Ross's position. In that case, the court finds the plaintiff lacked standing to bring claims for products not purchased, in part because plaintiff alleged that the way products were placed relative to one another reinforced the alleged deception, yet plaintiffs failed to allege that each product was similarly placed. 912 F. Supp. 2d at 870-72. Here too, the placement of products in Ross stores is relevant to the standing inquiry. Plaintiffs here allege that Ross did not make adequate disclosures "anywhere near the Compare At price tags themselves" (Opp. at 1:16-17.), yet fail to allege the same for every product labelled with a "Compare At" price in Ross stores.

that are exclusively within the defendant's possession and of which plaintiff cannot be expected to have personal knowledge prior to discovery." (Opp. at 22:7-10.) Still, Plaintiffs fail to identify any material facts exclusively within Ross's possession. For example, as Plaintiffs concede, Ross's definition of "Compare At" pricing was available to the public on Ross's website and in Ross stores. (Opp. at 1:13-15; FAC ¶¶ 85, 87.) Plaintiffs are thus required to plead their claims with particularity.

### A. Plaintiffs Fail to Allege Facts Showing that Ross's "Compare At" Pricing is Inaccurate or Deceptive.

Ross argues that the FAC fails to allege facts showing that Ross's "Compare At" prices were, in fact, inaccurate or deceptive. (MTD at 14:20-18:15.) The MTD challenges Plaintiffs' conclusory allegations that these prices were somehow "made-up," "fabricated," or "either fictitious or inflated" or improperly calculated or substantiated. (MTD at 14:22-27.)[2] Significantly, the Opposition makes no attempt to identify factual support for any of these allegations, and in fact, largely ignores them. Instead, Plaintiffs attempt to side step this crucial issue by arguing that, for various reasons, that Ross's definition of "Compare At" pricing is inherently deceptive because it would mislead a reasonable consumer, and because this presents an issue of fact, dismissal at this stage would be inappropriate. (*See* Opp. at 13:24-17:9.)

Courts, however, have had no difficulty dismissing FAL, UCL and CLRA claims where, as here, Plaintiffs fail to state sufficient facts. The recent decision in *Sperling v. DSW Inc.*, No. EDCV 15-1366-JGB (SPx) (C.D. Cal Nov. 19, 2015), ECF No. 37 (Reply Request for Judicial Notice In Supp. of Mot. to Dismiss First Am. Compl. ("Reply RJN"), Ex. A ( submitted herewith)) is especially instructive.

---

[2] The MTD (at 3:21-4:2) also lists several examples of the kinds of conclusory, boilerplate allegations asserted in Plaintiffs' FAC.

That case involved a similar challenge to the defendant's use of "Compare At" price tags next to each of their products. The plaintiff alleged that reasonable consumers viewing the price tags would interpret them differently than as defined on the defendant's website. The plaintiffs' amended complaint made the same kind of conclusory allegations as here, that defendants somehow inflated the comparative prices and artificially increased the discounts and savings they claimed to be offering consumers.

The *Sperling* defendant argued, as here, that the amended complaint failed to allege why or how the comparative reference prices were greater than the prevailing retail prices for their own products, and the court agreed:

> The Court agrees with Defendants and finds the FAC fails to allege why Defendants' comparative reference prices do not represent the "price at which a substantial number of vendors are selling the identical products." (*See* FAC ¶¶ 14-15, 33, 70.) The FAC repeatedly alleges in conclusory fashion that Defendants' comparative reference prices do not represent the prevailing market prices for Defendants' products. The FAC even alleges Defendants use "misleading, and/or subjective measures to inflate the[se] comparative prices, and thus artificially increase[] the discounts and savings they claim[] to be offering consumers." (*Id.* ¶ 81.) Nowhere, however, does the FAC explain how Defendants' comparative reference prices are inflated or why they do not accurately reflect prevailing market prices. As a result, the FAC fails to satisfy Rule 9(b)'s heightened pleading requirements and is subject to dismissal.

(Reply RJN, Ex. A at 12 (citing *Branca v. Nordstrom, Inc.*, No. CV 14-2062-MMA

(JMA), 2015 WL 1841231, at *6 (S.D. Cal. Mar. 20, 2015) (holding plaintiff's conclusory allegations that defendants' "Compare at" rates were fictional amounts selected to "advertise phantom markdowns" to be insufficient under Rule 9(b))); *Mahfood v. QVC, Inc.*, No. SACV 06-0659 AG (ANx), 2007 WL 9363986 at *4 (C.D. Cal. Feb. 7, 2007) (concluding plaintiff's conclusory allegations that defendant's comparative reference prices did not reflect prevailing market prices, did not satisfy heightened pleading burden under Rule 9(b)).

As *Sterling* shows, it is entirely appropriate to dismiss claims, such as Plaintiffs', for failure to plead facts with particularity.[3] Plaintiffs', nevertheless, argue that questions of fact still remain regarding how a reasonable consumer would interpret Ross's "Compare At" prices, relying on several distinguishable cases. (*See* Opp. at 14:5-15:11-15.) For instance, both *Branca v. Nordstrom, Inc.*, No. 14-cv-02062-MMA (JMA) (S.D. Cal. Oct. 9, 2015) (Pls.' RJN, Ex. C) and *Horosny v. Burlington Coat Factory of Cal., LLC*, No. 15-cv-05005-SJO (MRWx) (C.D. Cal. Oct. 26, 2015) (Pls.' RJN, Ex. B, ECF No. 38-2), involve cases where, unlike here, the defendants failed to disclose how they defined their respective comparative pricing references.

Plaintiffs' reliance on *People v. Overstock.com,* No. RG10-546833 (Alameda Cnty. Super. Ct. Feb. 5, 2014) (Pls.' RJN Ex. A, ECF No. 38-1), is also misplaced. There, the court's Order followed a full trial, and the decision is now on appeal. Plaintiffs inaccurately suggest that, in paragraph 112 of the Order, the Court found that the term "Compare At" standing alone was likely to mislead a reasonable consumer. (Opp. at 15:11-15.) That paragraph says nothing of the sort; rather what the Court found to be misleading was the *formulas* Overstock used to construct fictitious ARPs (advertised reference prices) by applying an arbitrary multiplier to

---

[3] The Opposition also fails to address Ross's argument or distinguish cases holding that dismissal of UCL claims is appropriate at the pleading stage where plaintiffs' theory "def[ies] common sense." (*See* MTD at 17:27-18:15.)

1  Overstock's wholesale cost.  Here, Plaintiffs do not allege that Ross used any
2  formulas to set "Compare At" prices.
3        Because Plaintiffs fail to allege facts showing why Ross's "Compare At"
4  prices were higher or different than other retailers' prices for identical items,
5  Plaintiffs' claims should be dismissed.

6        **B.    Plaintiffs Fail to Identify a Cognizable Duty to Disclose Any Information Not Already Disclosed.**

8        The MTD shows that Plaintiffs cannot plead an actionable omission for
9  failure to allege that Ross had a legal duty to disclose any information about its
10  "Compare At" pricing.  (MTD at 18:16-21:8.)
11        Plaintiffs assert in the Opposition that the FTC's Policy Statement on
12  Deception (Oct. 14, 1983) requires "qualifying disclosures" when necessary to
13  prevent "misleading representations."  (Opp. at 20:13-16.)  Yet this begs the
14  question:  what misleading representation?  As seen, Plaintiffs do not sufficiently
15  allege one.
16        Plaintiffs also cite *Horosny* to argue that "without a conspicuous qualifying
17  disclosure, a price tag which simply asks the consumer to 'Compare' a higher
18  reference price to the retailer's selling price 'is misleading within the meaning of
19  the FAL.'"  (Opp. at 20:23-21:5.)  Plaintiffs mischaracterize *Horosny*, failing to
20  point out that the cited FAL provision applies only to "former price" advertising,
21  which, as discussed above, has separate "conspicuous" disclosure requirements that
22  have no application in the present case. Cal. Bus. & Prof. Code § 17501.  And
23  unlike here, the defendant in *Horosny* was not alleged to have made *any* disclosures
24  regarding its "Compare At" price advertising.
25        Plaintiffs also assert that the FTC Pricing Guide specifically requires that "*if*
26  a retailer's reference prices are intended to be comparable value comparisons the
27  retailer must make 'clear to the consumer that a comparison is being made with
28  other merchandise.'"  (Opp. at 20:16-19.)  Yet, as shown, Plaintiffs admit that Ross

does, in fact, publicly disclose its definition of "Compare At" pricing, which acknowledges the inclusion of comparable value comparisons.[4]

However, Plaintiffs also argue that Ross's disclosures fail to identify when Ross's "Compare At" pricing specifically refers to a similar product and when it refers to an identical product. (Opp. at 1:17-23.) Plaintiffs go so far as to claim that the "FTC does not permit retailers to use two different possible definitions for a reference price. The FTC Guides require that a reference price be *either* a valid, verifiable reference to an identical item *or* a comparable item – no either/or, or both." (Opp. at 2:21-26 (citing 16 C.F.R. § 233.2.) Once again, Plaintiffs misstate the law. No such prohibition appears anywhere in the cited provision (or elsewhere in the FTC Guide). Rather, the provision gives examples of both kinds of price comparisons and makes clear that both are permissible.

Plaintiffs assert that that these disclosures are somehow "not made clear or conspicuous to consumers, as required by FTC guidelines." (Opp. at 2:5-6.) Yet these guidelines do not impose any legal duty here. As stated in the preamble to the original FTC Guide promulgated in 1964, "they are to be considered as guides and not as fixed rules of 'do's' and 'don'ts' or detailed statements of the Commission's enforcement policies." 29 Fed. Reg. 178 (June 8, 1964). Plaintiffs fail otherwise to allege facts showing that Ross's multiple disclosures were somehow insufficient or violated any legally prescribed duty to do more.[5]

### C. Plaintiffs' Cited Studies are Irrelevant.

Ross argues that Dr. Compeau's 2004 study, cited in the FAC, is irrelevant

---

[4] Ross argues that this fact alone shows that its use of "Compare At" pricing is not a deceptive, misleading, or fraudulent business practice as a matter of law. (MTD at 20:12-17 (citing *S. Bay Chevrolet*, 72 Cal. App. 4th at 879-90).) Plaintiffs do not directly address this argument.

[5] The FAC also alleges that the FTC's ".com Disclosures" impose disclosure duties. Ross showed that these standards have no application in the present case (MTD at 20:18-21:8.) Plaintiffs do not contest this argument or even mention these standards in their Opposition.

1  here because it does not support a conclusion that the phrase "Compare At" is
2  deceptive in the present case and actually contradicts Plaintiffs' claims. (MTD at
3  21:9-24.) The Opposition re-references the study and discusses several others.
4  Plaintiffs' lengthy efforts to define the expectations of a reasonable consumer based
5  on interpretations of various studies, policies or guidelines fail to cure the FAC's
6  deficiencies.[6]

7  Because Plaintiffs fail to allege their UCL, FAL and CLRA claims with
8  particularity, the FAC should be dismissed.

## V. PLAINTIFFS FAIL TO SATISFY ADDITIONAL PLEADING REQUIREMENTS UNDER UCL, FAL AND CLRA.

### A. Plaintiffs Fail to State a Claim "Upon Which Relief Can Be Granted."

Ross argues that Plaintiffs' claims for restitution fail because they have not alleged facts to show that the prices they paid exceed the value of the items they bought. (MTD at 22:1-23:12.) In fact, as discussed above, Plaintiffs cannot even allege facts showing that they did not get the deal they wanted.

Plaintiffs devote more than four pages in the Opposition to argue that the Court has power to award different kinds of restitution in various circumstances, including complete restitution with rescission, award of the false discount value, and disgorgement of profits. (Opp. at 7:22-12:11.) This discussion is irrelevant where, as here, Plaintiffs fail to show that Ross was unjustly enriched in the first place.

Additionally, Plaintiffs fail to show how the alternative forms of restitution would be appropriate in the present case. Plaintiffs do not allege that they are able

---

[6] Additionally, the Opposition fails to distinguish, or even address, the decisions in *Rubenstein v. Neiman Marcus Group LLC*, No. 14-cv-07155 (C.D. Cal Mar. 2, 2015), and *Branca v. Nordstrom, Inc.* No. 14-cv-02062-MMA (JMA) (S.D. Cal. Mar. 20, 2015) (Request for Judicial Notice In Supp. of Mot. to Dismiss First Am. Compl., Exs. A, B, ECF No. 26), where judges in this District have concluded that a reasonable consumer is most likely to interpret the term "Compare At" as reflecting comparable value comparisons. (*See* MTD at 16:7-17:20.)

1   to return the merchandise to rescind their purchases, or any facts from which to
2   determine whether a "false discount" even exists. Plaintiffs otherwise fail to direct
3   the Court's attention to any decision where one of these alternative forms of
4   restitution was awarded under the UCL, FAL or CLRA.
5       Furthermore, the Court of Appeal has recently affirmed a denial of restitution
6   in *In re Tobacco Cases II,* 240 Cal. App. 4th 779 (2015) where plaintiffs could not
7   demonstrate that they paid more for cigarettes than the value they received. *Id.* at
8   790-94. The Court rejected their request for a full refund, as they had received
9   value from the product. *Id.* at 794-96.
10      For these reasons, Plaintiffs' request for restitution should be denied.

### B. The FAC Cannot Support an "Unfairness" Claim.

12      Ross shows that the FAC fails to allege any unfair conduct or facts to show
13  that Ross's "Compare At" pricing is deceptive, other than the unsubstantiated belief
14  that the prices were somehow too high. (MTD at 23:13-23.) As shown, the
15  Opposition does nothing to refute this argument. Plaintiffs' UCL claim under the
16  "unfairness" prong should consequently be dismissed.

### C. The FAC Cannot Support an "Unlawful" Claim.

18      As Ross has shown, Plaintiffs fail to allege facts sufficient to show a
19  violation of any underlying law. (MTD at 24:1-14.) The FTC Guide, despite
20  Plaintiffs' continued reliance on it, does not create a private cause of action. *See*
21  *Flood v. Nat'l Football League*, No. 2:08-cv-0091-GEB-JFM-PS, 2009 WL 86577,
22  at *2 (E.D. Cal. Jan. 8, 2009) ("Plaintiff's claims under the Federal Trade
23  Commission Act also fail because that Act confers no private right of action.").
24  Plaintiffs cannot create a private cause of action based on such regulations in the
25  guise of a § 17200 UCL claim. *See O'Donnell v. Bank of Am. Nat'l Ass'n,* 504 F.
26  App'x 566, 568 (9th Cir. 2013) (plaintiff cannot use California law to engineer a
27  private right of action under the Federal Trade Commission Act).
28

### D. The FAC Fails to Support a False Advertising Claim.

Plaintiffs fail to allege facts showing that Ross's "Compare At" prices are the kind of "former prices" prohibited by the FAL, or that Ross had any knowledge that the challenged prices were somehow untrue or misleading. (MTD at 24:15-25:9.) The Opposition does nothing to correct these defects. Plaintiffs' FAL claim should therefore be dismissed.

### E. The FAC Fails to State a Claim under the CLRA.

Ross has shown that Plaintiffs fail to allege facts showing that Ross advertised any "price reductions" as defined under the CLRA, or that the law even addresses the kind of comparable value comparison pricing at issue here. (MTD at 25:10-24.) The Opposition fails to meaningfully address these arguments. Plaintiffs CLRA claim should therefore be dismissed.

## VI. CONCLUSION

For all these reasons, Ross respectfully requests that Plaintiffs' FAC be DISMISSED in its entirety.

Dated: January 22, 2015                MORRISON & FOERSTER LLP

                                       By:    /s/ *David F. McDowell*
                                              DAVID F. MCDOWELL

                                       Attorneys for Defendant
                                       ROSS STORES, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2015, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

Dated: January 22, 2015    MORRISON & FOERSTER LLP

By:     /s/ *David F. McDowell*
       DAVID F. MCDOWELL

Attorneys for Defendant
ROSS STORES, INC.