UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                    Date:  February 23, 2016
Title:    Jose Jacobo, et al. -v- Ross Stores, Inc.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                             Court Reporter:
          Rita Sanchez                             Not Reported

          Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
          None Present                             None Present

**Proceedings (In Chambers):**  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [25]

     Before the Court is Defendant Ross Stores, Inc.'s Motion to Dismiss First Amended Complaint (the "Motion"), filed on October 29, 2015.  (Docket No. 25). Plaintiffs submitted their Opposition to the Motion on January 15, 2016 (Docket No. 37), and Defendant's Reply followed on January 22, 2016 (Docket No. 39).  The Court read and considered the parties' submissions, and held a hearing on **February 11, 2016**.

     The Motion is **GRANTED** *with leave to amend*.  Plaintiffs fail to plead with particularity that Defendant's price advertisements were false or misleading as required under Federal Rule of Civil Procedure 9(b).  Moreover, to the extent Plaintiffs seek relief under California Business and Professions Code § 17501 and California Civil Code § 1770(a)(13), their claims are deficient because no allegations characterize Defendant's prices as "former prices" or "price reductions."  These deficiencies aside, Plaintiffs successfully allege that they have standing to pursue their individual and class claims, as all claimants in this action are alleged to have suffered the same type of economic harm.  Contrary to Defendant's suggestion, the remedy available for the alleged misconduct is not limited to the difference between the value of the goods Plaintiffs purchased and the price Plaintiffs paid for those goods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                    Date:  February 23, 2016
Title:    Jose Jacobo, et al. -v- Ross Stores, Inc.

## I.   BACKGROUND

The First Amended Complaint ("FAC") makes the following allegations, which the Court must accept as true for purposes of ruling on this Motion:

Defendant owns and operates a chain of so-called "off-price" department stores in California.  (FAC ¶ 7 (Docket No. 24)).  Every item offered for sale in those stores is displayed with two prices: the sale price and the "Compare At" price.  (*Id.* ¶ 15).  Reasonable consumers interpret the "Compare At" price to represent the amount charged for an identical product by other merchants in the area.  (*Id.* ¶ 49).  When the "Compare At" price is higher than the sale price, consumers are led to believe that the item costs less than its market value.  (*Id.* ¶¶ 49, 192).  That belief (not surprisingly) enhances consumer willingness to purchase the product.  (*Id.* ¶¶ 22-23).

While such comparative price advertising is generally beneficial, it becomes problematic when retailers use unsubstantiated reference prices to entice the consumers with sham bargains.  Recognizing this danger, the Federal Trade Commission ("FTC") promulgated the following guidelines:

> Whenever an advertiser represents that he is selling below the prices being charged in his area for a particular article, he should be reasonably certain that the higher price he advertises does not appreciably exceed the price at which *substantial sales* of the article are being made in the area—that is, *a sufficient number* of sales so that a consumer would consider a reduction from the price to represent a genuine bargain or saving.

(*Id.* ¶ 33 (emphasis in original) (quoting 16 C.F.R. § 233.2(a)).  In other words, a retailer has "a duty to provide 'appropriate support' for, and 'evidence to back up,' its 'Compare At' prices."  (*Id.* ¶ 34).

According to the FAC, the reference prices at Defendant's stores significantly exceed the prices charged by other retailers in California.  (*Id.* ¶¶ 43-45).  Defendant uses "misleading methods," Plaintiffs allege, to inflate the "Compare At" amounts,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR					Date:  February 23, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

leading the consumers to perceive Defendant's products as more valuable than they actually are. (*Id.*). Plaintiffs do not specify the actual "prices at which substantial sales of Defendant's products were made in California" or what "misleading methods" Defendant used in its calculations. Instead, the allegations are made exclusively "on information and belief." (*Id.*).

Plaintiffs do allege, however, that the term "Compare At" is misleading in and of itself. Whereas reasonable consumers interpret the term as referring to identical products sold elsewhere, Defendant defines "Compare At" on its website as follows:

> Compare at Pricing:
>
> We want you to shop with more information, so many of our products include a comparison price. The comparison price represents a recent documented selling price *of the same or similar product* in full-price department stores or specialty stores. Where identical products are not available, we may compare to similar products and styles. Prices charged for the compared to products may change over time, but our goal is to provide you with a useful comparison point of what you may have paid in a competitive store, so you can be sure you are getting a great bargain when you shop at Ross.

(*Id.* ¶ 51 (emphasis added)).

According to the FAC, no reasonable consumers would understand a "Compare At" price as potentially referring to the price of a "similar" product. (*Id.* ¶¶ 51-57). According to Defendant's definition, the "Compare At" price "could be the regular, retail price of the same item at other department stores. Or, it could be the regular, retail price of a 'similar' product. It could be simply what Defendant believes a similar product might sell for. Or, it could be none of the above." (*Id.* ¶ 61). Nowhere on or near the price tags does Defendant disclose to the consumers this unintuitive meaning of "Compare At." (*Id.* ¶ 64).

___

**CIVIL MINUTES—GENERAL**					3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR           Date:  February 23, 2016
Title:    Jose Jacobo, et al. -*v*- Ross Stores, Inc.

The named Plaintiffs are two individuals who purchased multiple items from Defendant's stores between June 20, 2011 and the present. (*Id.* ¶ 140). As to each of those items, the "Compare At" price exceeded the sale price, signifying a good bargain. (*See, e.g., id.* ¶ 141). The reference price, however, was significantly higher than the prevailing retail price of identical items. (*Id.* ¶ 148). Had Plaintiffs been aware of that fact, they would not have purchased the merchandise. (*Id.* ¶ 149).

Plaintiffs assert five claims for relief on behalf of themselves and the putative class. The first three claims are brought under the three prongs of California Unfair Competition Law ("UCL"):  (1) unfair business practices; (2) fraudulent business practices; and (3) unlawful business practices. (*Id.* ¶¶ 188-210). The remaining two claims are asserted for violations of the California False Advertisement Law ("FAL") and the California Consumer Legal Remedies Act ("CLRA"). (*Id.* ¶¶ 210-31).

## II.   LEGAL STANDARD

In ruling on a motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common sense, must determine whether a complaint plausibly states a claim for relief. *Id*. at 679.

Both parties acknowledge that the heightened pleading standard of Rule 9(b) applies to Plaintiffs' claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to these state-law causes of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-15-04701-MWF-AGR                  Date:  February 23, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

[*i.e.*, false advertisement claims]."). To advance past the pleading stage, therefore, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "It is not enough . . . to simply claim that [an advertisement] is false—[the plaintiff] must allege facts showing **why** it is false." *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 974 (N.D. Cal. 2014) (emphasis in original); *see Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). "It is well settled that fraud allegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs.*, Inc., 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (internal quotation marks and citations omitted). Courts have therefore required the plaintiff to detail the "who, what, when, where, and how" of the charged misconduct, *Vess*, 317 F.3d at 1106, which generally involves conducting a "precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

## III.  DISCUSSION

Although there are important differences between the UCL, FAL, and CLRA, to state a viable claim under any of those statutes, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer. *See Williams*, 552 F.3d at 938 (stating that California's false advertising laws provide relief only when advertisements could deceive a reasonable consumer). False advertisement laws prohibit "not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Id.* (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 119 Cal. Rptr. 2d 296 (2002)). It is this element of deception, argues Defendant, that is not pleaded with particularity in the FAC. (Motion at 3-4, 13). All that Plaintiffs allege, Defendant points out, is a conclusion that Defendant's "Compare At" prices are higher than those advertised by other merchants for identical products. (*Id.*). And because that conclusion is based not any concrete facts, but exclusively on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR             Date:  February 23, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

Plaintiffs' "information and belief," Defendant urges the Court to dismiss all claims asserted against it.  (*Id.*).

The Court agrees.  It is insufficient under Rule 9(b) to simply assert on "information and belief" that "the prevailing retail prices for the items [Plaintiffs purchased] were materially lower than the 'Compare At' prices advertised by Defendant."  (FAC ¶ 148).  Plaintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their "belief" that the "Compare At" prices were inaccurate.  Plaintiffs could allege, for instance, that the items they purchased bore a "Compare At" price of $X but were sold at other retailers for a lower price of $Y.  Or perhaps Plaintiffs could plead facts showing that the purchased items were offered for sale exclusively in Defendant's stores.  In that case, the "Compare At" prices could be deemed misleading because they at best referred to "similar" and not to identical products.  But without any allegations explaining why or how Defendant's advertisements were deceptive, Plaintiffs' claims cannot satisfy the heightened pleading requirement of Rule 9(b).

Other courts have reached the same conclusion on similar facts.  In *Marilyn Sperling v. DSW Inc.,* for instance, another court in this District dismissed an analgous complaint, reasoning as follows:

> The Court agrees with Defendants and finds the FAC fails to allege why Defendants' comparative reference prices do not represent the "price at which a substantial number of vendors are selling the identical products." The FAC repeatedly alleges in conclusory fashion that Defendants' comparative reference prices do not represent the prevailing market prices for Defendants' products.  The FAC even alleges Defendants use "misleading, and/or subjective measures to inflate the[se] comparative prices, and thus artificially increase[] the discounts and savings they claim[] to be offering consumers."  Nowhere, however, does the FAC explain how Defendants' comparative reference prices are inflated or why they do not accurately reflect prevailing market prices.  As a result, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                     Date:  February 23, 2016
Title:    Jose Jacobo, et al. -v- Ross Stores, Inc.

> FAC fails to satisfy Rule 9(b)'s heightened pleading requirements and is subject to dismissal.

Order Granting Defendants' Motion to Dismiss at 11 (Docket No. 37), EDCV 15-1366-JGB (SPx) (C.D. Cal. Nov. 19, 2015) (internal citations omitted); *see also Branca v. Nordstrom, Inc.*, Order Granting in Part and Denying in Part Motion to Dismiss ("*Branca* MTD Order") at 11 (Docket No. 18), CV 14-2062-MMA (JMA) (S.D. Cal. Mar. 19, 2015) ("Although Plaintiff acknowledges that Rule 9(b) applies to his claims, he merely alleges that the 'Compare At' prices are [fictitious]. The Court finds that these conclusory allegations are insufficient under Rule 9(b)."). These decisions are hardly novel:  Rule 9(b) prohibits pleading fraud without any factual allegations explaining in what way the defendant's statements were misleading.

Plaintiffs' arguments to the contrary are just as conclusory as their allegations. Plaintiffs suggest that "the Rule 9(b) heightened pleading standard is relaxed as to facts . . . that are exclusively within the defendant's possession" (Opposition at 22) but do not identify what facts those might be. Indeed, the prices that other retailers charge for the products at issue are just as easily available to Plaintiffs as they are to Defendant. To the extent, therefore, Plaintiffs argue that all they need to allege at this stage is that "the 'Compare At' prices Defendant advertised were not true" (*id.* at 23), they are mistaken. This allegation perhaps could be sufficient under Rule 8, but not under Rule 9(b).

Instead of addressing Defendant's contentions head on, Plaintiffs focus almost entirely on a separate issue of whether it was reasonable for them to interpret the term "Compare At" as referring to market prices of identical items as opposed to identical *or* "similar" items. (*Id.* at 14). Plaintiffs seem to argue that Defendant's dual definition of the term on its website was deceiving and misleading in and of itself. (*See, e.g., id.* at 19 ("[T]aking Plaintiffs' allegations as true, Plaintiffs here sufficiently allege that Defendant's 'Compare At' price tags are misleading.")). While Plaintiffs could be correct that it is sufficient to allege that no reasonable consumer would interpret "Compare At" prices to be prices of "similar" products, Defendant's own

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-04701-MWF-AGR          Date: February 23, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

interpretation of the term could not have, by itself, have deceived Plaintiffs. What if Plaintiffs purchased goods that for which the "Compare At" prices *were* based on identical goods?

At the hearing, Plaintiffs argued that the Court's ruling would impose an insurmountable burden at the pleading stage. It is not possible to know without conducting discovery, Plaintiffs emphasized, whether a particular "Compare At" price referred to an identical item or some unknown "similar" item. Plaintiffs thus contended that they should be absolved from pleading with particularity that Defendant's "Compare At" prices were inaccurate because Plaintiffs have no way of knowing whether Defendant was comparing "apples to apples" or "apples to oranges."

Plaintiffs' argument is unpersuasive. Under *Williams* and Rule 9(b), Plaintiffs must plead with particularity that the "Compare At" prices were not what ***Plaintiffs*** understood them to be—*i.e.*, that the prices were higher than what other stores in the area charged for identical items. This pleading burden is not insurmountable because the way in which ***Defendant*** interpreted the term "Compare At" is irrelevant to whether Plaintiffs were actually deceived. Plaintiff Jacobo, for instance, claims that he purchased a Levi's belt bearing a "Compare At" price of $25.00. (FAC ¶ 141). Even assuming that the "Compare At" price referred not to an identical belt, but to a "similar" belt, Plaintiff Jacobo could not have been misled if other stores in the area sold an identical belt for $25.00. In other words, it is immaterial that Defendant was comparing "apples to oranges" when an "apples to apples" comparison was not deceiving.

To comply with *Williams* and Rule 9(b), Plaintiffs could therefore make one of two factual allegations. First, Plaintiffs could plead that the items they purchased were sold at other stores in the area for prices lower than Defendant's "Compare At" prices. This allegation should not be made "on information and belief" but should be based on specific facts, such as the exact prices of identical goods offered for sale by other merchants. Alternatively, Plaintiffs could plead that identical items could not be found at other stores in the area, indicating that Defendant's "Compare At" prices

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                     Date:  February 23, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

misleadingly referred to "similar" items.  Such allegations would be sufficient to show that Plaintiffs were actually deceived when they interpreted "Compare At" prices as representing prices charged for identical goods.

In sum, until Plaintiffs plead with particularity that they were misled, their false advertisement claims cannot advance past the pleading stage.  Accordingly, the Motion is **GRANTED** *with leave to amend*.

Although the Court's ruling moots Defendant's remaining contentions, the Court nonetheless briefly addresses them either to avoid or narrow a potential motion to dismiss the Second Amended Complaint.

### A.  California Business and Professions Code section 17501

Defendant challenges the FAC's reference to the California Business and Professions Code section 17501, which provides that "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement."  (FAC ¶ 208).  Defendant argues that because Plaintiffs do not allege to have interpreted Defendant's "Compare At" prices to represent "former prices," any potential claim under section 17501 fails.  (Motion at 24).

The Court agrees.  Plaintiffs should either remove the reference to section 17501 in the Second Amended Complaint or specifically allege that they understood the "Compare At" prices to mean former prices charged by Defendant.

### B.  California Civil Code section 1770(a)(13)

Similarly, Defendant seeks to dismiss the FAC's allegation referencing the California Civil Code section 1770(a)(13), which prohibits "false or misleading statements of fact concerning . . . amounts of price reductions."  (*Id.* ¶ 229).  Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                    Date:  February 23, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

fail to allege, Defendant argues, that they understood the "Compare At" prices to be "price reductions." (Motion at 24-25).

The Court agrees. Plaintiffs should either remove the reference to section 1770(a)(13) or specify which alleged misrepresentations concerned "price reductions."

### C. Plaintiffs' Article III and Statutory Standing

Defendant argues that Plaintiffs lack both constitutional standing under Article III and statutory standing under the UCL and FAL. (Motion at 11).

As to Article III standing, Defendant merely restates its argument on the merits. Plaintiffs have not been injured, Defendant argues, because the allegations fail to indicate that the "Compare At" prices in Defendant's stores do not correspond to the "prevailing retail prices." (Motion at 11). When issues of jurisdiction and substance are intertwined to this degree, it is inappropriate to resolve the dispute on jurisdictional grounds. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004) (jurisdictional issue went to the merits of the plaintiff's claim and was therefore inappropriate for resolution on Rule 12(b)(1)). In any event, a successful amendment of Plaintiffs' substantive allegations would necessarily confer Article III standing. Defendant's argument is therefore superfluous.

As to statutory standing, Defendant claims that "the FAC does not sufficiently allege that Plaintiffs received something worth less than what they paid, or that they did not get a good deal." (Reply at 3). Defendant argues, in other words, that regardless of whether the "Compare At" prices were accurate, Plaintiffs could not have been economically injured if the value of the purchased goods was equal or greater to what Plaintiffs actually paid for those goods. (*Id.*). Defendant thus concludes that to advance past the pleading stage, Plaintiffs must plead facts showing that they did not receive a fair bargain. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                    Date:  February 23, 2016
Title:      Jose Jacobo, et al. -v- Ross Stores, Inc.

The Court is not persuaded. It is true that to have standing under the UCL and FAL, Plaintiffs must allege that they suffered some "economic injury." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 120 Cal. Rptr. 3d 741 (2011) (holding that the UCL and FAL requires plaintiffs to "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, **economic injury**, and (2) show that that economic injury was the result of, *i.e.*, **caused by**, the unfair business practice or false advertising that is the gravamen of the claim.") (emphasis in original). But the Ninth Circuit has recognized that a bargain hunter is, in fact, economically harmed when the seller inflates the **perceived value** of its products. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106-07 (9th Cir. 2013) (stating that "the bargain hunter's expectations about the product he just purchased is precisely that it has a higher perceived value and therefore has a higher resale value," and holding that "when a consumer purchases merchandise on the basis of false price information . . . he has standing to sue under the UCL and FAL because he suffered an economic injury"). Stated in more concrete terms, the injury Plaintiffs allege to have suffered is the difference between false "Compare At" prices (the advertised value of the product) and the sale prices (what Plaintiffs actually paid for the product). That injury is tangible and economic; both the FTC and the courts have recognized as much. 16 C.F.R. § 233.2(a) (prohibiting inaccurate "Compare At" prices); *Branca* MTD Order at 7 (holding that the plaintiffs who alleged to have been misled by inaccurate "Compare At" prices have statutory standing).

Defendant's attempts to distinguish *Hinojos* are unavailing. It is of no import that *Hinojos* involved "former price" comparisons (what the seller itself had previously charged for the product) and not "Compare At" price comparisons (what other sellers charge for the product). In both cases, the consumers were allegedly led to believe that the item costs less than its value. When that belief is skewed due to false reference prices, the consumers in both cases are injured in exactly the same manner.

Nor is *Hinojos* distinguishable because the panel bolstered its "economic injury" analysis with the fact that the California Legislature has specifically prohibited inflation of "former references prices." (*See* Reply at 4); *Hinojos*, 717 F.3d at 1106.

___

**CIVIL MINUTES—GENERAL**                                                              11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR						Date:  February 23, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

Defendant seems to suggest that because no statute explicitly provides that "sellers shall not misrepresent 'Compare At' prices when advertising their products," consumers who are misled by inaccurate "Compare At" prices suffer no economic injuries that can be redressed under the UCL and FAL.  *Hinojos* does not stand for that proposition.  The decision of the California Legislature to specifically address one type of misleading advertisements says nothing about whether injuries resulting from another type of misleading advertisements are actionable under California's general false advertisement laws.  Indeed, Defendant fails to articulate in what way misleading "Compare At" prices are not material to consumers or do not result in real harm.  Plaintiffs clearly allege that they would not have purchased the products but for the "Compare At" prices.  (*See, e.g., id.* ¶ 148).  These allegations are more than sufficient to confer statutory standing under *Hinojos*.

In sum, Plaintiffs have alleged standing to bring their claims.

### D.	**Plaintiffs' Standing to Represent Individuals Who Purchased Different Items**

Defendant also cites a number of district court cases for the proposition that "a named plaintiff in a putative class action under the UCL or FAL 'cannot expand the scope of his claims to include a product he did not purchase . . . .'" (Motion at 12 (quoting *Johns v. Bayer Corp.*, No. 09–cv–1935, 2010 WL 476688, *4–5 (S.D.Cal. Feb.9, 2010))); *see Mlejnecky v. Olympus Imaging Am. Inc.,* No. 2:10-CV-02630 JAM, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (holding that because the named plaintiff never purchased a certain product, he had no statutory standing under the UCL to assert claims with respect to that product on behalf of putative class members).

"The majority of the courts that have carefully analyzed the question," however, "hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Khasin v. R.C. Bigelow, Inc.*, No. C 12-02204 JSW, 2013 WL 2403579, at *4 (N.D. Cal. May 31, 2013) (internal quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                    Date:  February 23, 2016
Title:     Jose Jacobo, et al. -*v*- Ross Stores, Inc.

marks and citations omitted) (holding that the plaintiffs had standing to bring claims with respect to products they never purchased because the alleged representations were the same); *see Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) ("[B]ecause the same alleged misrepresentation was on all of the smoothie kit regardless of flavor . . . the Court finds that Plaintiff has standing to bring claims on behalf of purchasers of smoothie kit flavors he did not buy."). In cases of allegedly false "Compare At" prices, courts have permitted plaintiffs to bring claims as to the products they never purchased because it is "immaterial for the purposes of [their] claims whether one purchased a pair of shoes versus a hat, so long as the item bore a 'Compare At' tag." *Branca*, Order Denying Defendant's Motion to Dismiss at 9 (Docket No. 26), No. 14-cv-2062-MMA (JMA) (S.D. Cal. Oct. 9, 2015).

The Court agrees with these decisions. Defendant contends that various differences in products do matter here because the FAC "materially distinguishes between 'close out' items, which are sold at other department stores, and 'makeup' items, which were sold exclusively at [Defendant's stores]." (Reply at 6). But the Court is not convinced that this difference affects Plaintiffs' standing. As the district court held in *Branca*, the variances between the items at issue is irrelevant here because the only pertinent question, according to the FAC, is whether the "Compare At" prices represented the prices charged at other stores for identical items. If a particular item was offered for sale by other merchants, but for a price lower than Defendant's "Compare At" price, then then it is plausible that the "Compare At" price was misleading. And the same is true if the item was not offered for sale anywhere but in Defendant's stores. Defendant fails to persuasively articulate why a plaintiff who has been misled by a "Compare At" price of a "close-out" item has no standing to represent a putative class member who has been misled by "Compare At" price of a "markup" item, and vice versa. In either scenario, all that matters is (1) whether the item was sold at other stores and (2) for what price.

To the extent there is too much variability between the claims of putative class members, however, Defendant's arguments can be addressed at the class certification stage. *See Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                    Date:  February 23, 2016
Title:      Jose Jacobo, et al. -v- Ross Stores, Inc.

2990766, at *13 (N.D. Cal. July 20, 2012) ("Plaintiffs have alleged sufficient similarity between the products they did purchase and those that they did not; any concerns of DGIC and/or the Court about material differences are better addressed at the class certification stage rather than at the 12(b)(6) stage."). Although Defendant contended at the hearing that the issue should be resolved at this stage to potentially avoid burdensome class discovery, that burden can be minimized or eliminated in other ways, such as through production of a representative sample of relevant class-wide information. *See* K*ress v. Price Waterhouse Coopers*, No. CIV S-08-0965 LKK GG, 2012 WL 4465556, at *3 (E.D. Cal. Sept. 25, 2012) (limiting class discovery to a statistically significant sample of relevant information). The Court therefore declines to dismiss the claims of putative class members at this juncture.

### E. Request for Restitution

Defendant argues that Plaintiffs' request for a restitutionary remedy fails because Plaintiffs "have not alleged facts to show that the prices they paid exceed the value of the items they bought . . . ." (Motion at 22). This contention is identical to "statutory standing" argument discussed and rejected above. Under the Ninth Circuit decision in *Hinojos*, Plaintiffs need not plead that the value of the purchased goods was less than the prices Plaintiffs paid.

As to the exact remedy, the Court has broad powers to enter "such orders or judgments . . . as may be necessary to restore any person . . . any money or property . . . which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. The California Supreme Court made clear that the "general equitable principles underlying [these provisions] as well as [their] express language arm the trial court with the cleansing power to order restitution to effect complete justice." *Fletcher v. Security Pac. Nat'l Bank*, 23 Cal.3d 442, 449, 153 Cal. Rptr. 28 (1979). The Court could, for example, award the difference between what the consumers paid for the products and what they would have paid had the "Compare At" prices not been misrepresented. *See Hinojos*, 718 F.3d at 1105. Or the Court could rescind the transactions and refund the amounts paid for the goods. *Spann v. J.C.*

---

**CIVIL MINUTES—GENERAL**                                                      14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                              Date:  February 23, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

*Penney Corp.*, No. SA CV 12-0215 FMO, 2015 WL 1526559, at *6 (C.D. Cal. Mar. 23, 2015) ("Rescission with complete restitution can be an appropriate remedy under the [false advertising laws]."). Whatever the appropriate remedy may be, Plaintiffs successfully allege that they are entitled to some form of restitution. To the extent Defendant suggests that Plaintiffs must commit themselves to a specific type of relief at this stage, the Court has found no authority supporting that proposition.

### F.     Interpretation of "Compare At"

Defendant contends that a reasonable consumer would "likely" interpret the term "Compare At" as referring to either identical or similar prices. (Motion at 16). The Court cannot determine at this early stage how a reasonable consumer would interpret this crucial term. The FAC's allegations certainly make it plausible that Plaintiffs' interpretation is correct; no more is necessary at this stage.

Similarly, the Court cannot rule as a matter of law that Plaintiff's interpretation was unreasonable in light of Defendant's definition of "Compare At" on its website. *See Williams*, 552 F.3d at 939 (holding that the district court erred in concluding that "reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box"). This argument is better suited for a motion for summary judgment.

### IV.    CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** *with leave to amend*. Plaintiffs shall file a Second Amended Complaint on or before **March 7, 2016.**

IT IS SO ORDERED.