Douglas Caiafa, Esq. (SBN 107747)
DOUGLAS CAIAFA, A Professional Law Corporation
11845 West Olympic Boulevard, Suite 1245
Los Angeles, California 90064
(310) 444-5240 - phone; (310) 312-8260 - fax
Email: dcaiafa@caiafalaw.com

Christopher J. Morosoff, Esq. (SBN 200465)
LAW OFFICE OF CHRISTOPHER J. MOROSOFF
77-760 Country Club Drive, Suite G
Palm Desert, California 92211
(760) 469-5986 - phone; (760) 345-1581 - fax
Email: cjmorosoff@morosofflaw.com

Attorneys for Plaintiffs JOSE JACOBO, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE JACOBO, et al., | Case No. 2:15-cv-04701-MWF-AGRx |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES** |
| ROSS STORES, INC., et al., | |
| Defendants. | |
| | Courtroom: 1600 |
| | Date:       June 13, 2016 |
| | Time:       10:00 a.m. |
| | Judge:      Hon. Michael W. Fitzgerald |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................. 1

II.  SUMMARY OF ARGUMENT........................................................ 2

III. SUMMARY OF SACTS ................................................................ 3

IV.  ARGUMENT.................................................................................. 5

A.   Plaintiffs Provide Sufficiently Specific Factual Allegations ........................ 7

     1.   Defendant Demands More Specificity Than is Required ................... 8

     2.   Plaintiffs Have Met the Required Pleading Standards........................ 10

B.   Plaintiffs' SAC Satisfies Rule 12(b)(6)........................................................ 11

     1.   No Reasonable Consumer Would Believe the Phrase "Compare At"
          May Have More Than One Possible Meaning.................................... 12

          a.   *How a Reasonable Consumer Would Interpret*
               *"Compare At" Requires a Determination of the*
               *Ultimate Disputed Issue of Fact and Should*
               *Not be Made on a Motion to Dismiss* ........................................ 13

          b.   *Reasonable Consumers Interpret "Compare At" to be a*
               *Reference to Actual Retail Market Prices of Identical Items* .... 14

          c.   *No Reasonable Consumer Would Believe a "Compare At"*
               *Price May Be a Reference to More Than One*
               *Possible Price* ........................................................................ 15

     2.   Defendant's Price Tags Do Not Make Clear To Consumers That
          Comparisons Are Being Made to Non-Identical, Similar Items.......... 16

     3.   Defendant's Disclosure is Neither Clear Nor Conspicuous................. 18

V.   CONCLUSION ............................................................................. 19

1

# TABLE OF AUTHORITIES

2

**Page Nos.**

3

4

**FEDERAL CASES**

5

*Branca v. Nordstrom, Inc.*,

6

      14-cv-02062-MMA (JMA) (U.S.D.C. S.D. Cal., October 9, 2015) ...... 9,13,15

7

*Davis v. HSBC Bank Nev., N.A.*

8

      691 F.3d 1152 (9th Cir. 2012) ....................................................................6

9

*Dean v. Colgate-Palmolive Co.*,

10

      2015 WL 3999313 (C.D. Cal. 2015) .......................................................7,10

11

*Dorsey v. Rockhard Laboratories, LLC*,

12

      2014 WL 4678969 (C.D. Cal. 2014) ........................................................7,11

13

*Hinojos v. Kohl's Corporation*,

14

      718 F.3d 1098 (9th Cir. 2013) ............................................................. passim

15

*Horosny, et al. v. Burlington Coat SACtory of CA, LLC*, et al.,

16

      15-cv-05005-SJO (MRWx) (U.S.D.C. C.D. Cal. October 26, 2015) .... 9,14,18

17

*In re ConAgra Foods, Inc.*,

18

      908 F.Supp.2d 1090 (C.D. Cal. 2012) .........................................................11

19

*Matoff v. Brinker Rest. Corp.*,

20

      439 F.Supp.2d 1035 (C.D. Cal. 2006) .........................................................11

21

*Miller v. Ghirardelli Chocolate Co.*,

22

      912 F.Supp.2d 861 (N.D. Cal. 2012) .......................................................13,18

23

*Pulaski & Middleman, LLC, v. Google, Inc.*,

24

      802 F.3d 979 (9th Cir. 2015) .....................................................................12

25

*Sperling v. Stein Mart*

26

      15-cv-01411-BRO (KKx) (U.S.D.C. C.D. Cal., March 15, 2016 .......... 8,13,17

27

*Starr v. Baca*,

28

      652 F.3d 1202 (9th Cir. 2011) ....................................................................12

-ii-

*Williams v. Gerber Products Co.*,

      552 F.3d 934 (9th Cir. 2008) ................................................................... passim


**STATUTES AND RULES**

Cal. Bus. & Prof. Code §17200 (UCL) ............................................................. passim

Cal. Bus. & Prof. Code §17500 (FAL) ............................................................. passim

Fed. R. Civ. Proc. 8(a) ..........................................................................................17

Fed. R. Civ. Proc. 9(b) ............................................................................... 17,18,19

Fed. R. Civ. Proc. 12(b)(6) .................................................................................7,19

16 Code of Fed. Regs. § 233 ............................................................................. passim


**OTHER AUTHORITIES**

Better Business Bureau Code of Advertising

      http://www.bbb.org/council/for-businesses/code-of-advertising .................16

Compaeu, *et al.*,

      *Consumers' Interpretations of the Semantic Phrases Found in*

      *Reference Price Advertisements*,

      The Journal of Consumer Affairs, Vol. 38, No. 1 (2004) ............................14

FTC Policy Statement on Deception

      (Oct. 14, 1983) ............................................................................................14,18

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SAC

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    <u>INTRODUCTION</u>**:

On February 23, 2016, this Court issued an Order granting Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") with leave to amend (ECF No. 45) ("Order").  The Court found that the factual allegations in the FAC did not satisfy the pleading requirements of Rule 9(b), and ruled that "Plaintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their 'belief' that the 'Compare At' prices were inaccurate." (Order at *6).   The Court instructed that:

> "To comply with *Williams* and Rule 9(b), . . . Plaintiffs could plead that identical items could not be found at other stores in the area, indicating the Defendant's 'Compare At' prices misleadingly referred to 'similar' items. Such allegations would be sufficient to show that Plaintiffs were actually deceived when they interpreted 'Compare At' prices as representing prices charged for identical goods."

(Order at *8-9).

Plaintiff's Second Amended Complaint ("SAC") addresses the Court's concerns and cures the perceived deficiencies.  The SAC alleges with particularity that the identical items Plaintiffs purchased from Defendant at the Compare At prices could not be found at other stores in the area.  (See SAC at ¶¶138-162).  The SAC further sets forth facts showing that Defendant's Compare At price tags are misleading in that they lead consumers to believe that comparisons are being made to the prices of identical products, when in fact comparisons are being made to non-identical, "similar" items.  The SAC further alleges facts which demonstrate that Defendant's price tags do not adequately disclose to consumers that comparisons are being made to non-identical items.

/ / /

/ / /

## II.    SUMMARY OF ARGUMENT:

Defendant advertises each of its products with 2 prices – the selling price and a second higher reference price preceded by the phrase "Compare At" (the "Compare At" price). There is no definition on the price tags themselves, or anywhere near the advertised items, of what the phrase "Compare At" means or refers to. (SAC at ¶¶ 37-40, 55-56). However, Defendant provides a definition of what it means by "Compare At" on its website and allegedly on a sign posted somewhere in its stores. (Id. at ¶49). Defendant's definition discloses that Defendant's "Compare At" prices are not necessarily meant to reflect recent selling prices of the same product, but may actually be references to supposed prices of "similar" products." (Id.).

Plaintiff's SAC alleges that reasonable consumers, including them, believe that a reference price preceded by the phrase "Compare At" is a reference to the retail market price of the identical item advertised, not the supposed price of a non-identical, allegedly "similar" item. (Id. at ¶50). For example, the hat Plaintiff Jacobo ("Jacobo") purchased from Defendant was advertised with a Compare At reference price of $15.00, compared to Ross's selling price of $7.99, which misled Jacobo into believing that (1) the hat had sold at Ross or some other retailer for $15.00, and (2) he was saving $7.00 off of what that hat originally sold for. (Id. at ¶138-156).

The SAC alleges that the particular hat that Jacobo purchased could not be found at other stores in Jacobo's area or online, indicating that Defendant's Compare At price misleadingly referred to the supposed price of a "similar" product. (Id.). The SAC alleges, therefore, that Plaintiffs and all other reasonable consumers were deceived and misled by Defendant's Compare At prices because they were led to believe that those prices were references to what identical items sold for, not what Defendant believes non-identical, "similar" items might sell for. (Id. at ¶¶47-48).

The SAC further alleges that Plaintiffs are reasonable consumers, and even if Plaintiffs or any other reasonable consumer had seen and read Defendant's definition of its "Compare at Pricing," one reasonable and plausible interpretation of the phrase

"Compare At," as specifically defined by Defendant's own disclosure, is that the Compare At price is a reference to "a recent documented selling price of the same . . . product." (Id. at ¶59). The SAC alleges that this is precisely how Plaintiffs interpreted the Compare At prices of each of the products they purchased from Ross – as prices of the same, identical products. (Id.). Because the Compare At prices of the products Plaintiffs purchased were not the supposed prices of "the same products," but rather the supposed prices of a non-identical, "similar" products, Plaintiffs were misled and deceived. (Id. at ¶7).

Defendant's Compare At pricing also does not comport with FTC regulations. The FTC Guides Against Deceptive Pricing, 16 Code of Fed. Regs. § 233.2(c) ("FTC Guides"), require that if Defendant intends its Compare At prices to be references to non-identical similar items, it must make "clear to the consumer that a comparison is being made with other merchandise." Defendant's price tags do not make clear to consumers, and did not make clear to Plaintiffs, that a comparison was being made to other non-identical merchandise. (Id. at ¶¶37-40). Consumers, including Plaintiffs, are not required to look beyond the advertisement itself (i.e., the price tag) to learn Defendant's interpretation of the words in the ad. Defendant's disclosure placed somewhere outside the ad itself, therefore does not eliminate the misleading and deceptive nature of Defendant's Compare At reference price advertising.

III.   **SUMMARY OF FACTS**:

Each item offered for sale at Ross stores is displayed with a comparative price tag which provides 2 prices: the Ross sale price and another significantly higher price described simply as the "Compare At" price. (SAC at ¶¶15-16). Defendant purports to provide a disclosure of what the phrase "Compare At" is supposed to mean, but that disclosure is buried on Defendant's website or out of plain view on a sign in its stores. (Id. at ¶¶49, 81). Defendant's disclosure is not placed anywhere near the Compare At price tags themselves. (Id.). More importantly, Defendant's disclosure, even if a consumer were to see it prior to purchasing an item, does not actually define

-3-

what the Compare At price associated with any specific item is.  (Id.).  Defendant's disclosure describes the "Compare At" price as being *either* the price of the "same" item, or the price of a "similar" item. (Id. at ¶49).  Consumers, including Plaintiffs, are left to interpret on their own what the Compare At price is, or guess which of the two alternative definitions apply to any item.

Plaintiffs did not, and no reasonable consumer would, interpret the phrase "Compare At" on Defendant's price tags the way that Defendant defines that term. Defendant contends that its Compare At prices may be a reference to one of two different alternatives: (1) "the original price of the same item"; or (2) the original price of a "similar" item.  (Id.).  Plaintiffs' SAC alleges that: (1) reasonable consumers do not interpret Defendant's Compare At prices as comparable value or "similar item" comparisons, but rather as actual retail prices of identical products (Id. at ¶¶50-68); (2) Defendant's disclosure is not made clear or conspicuous to consumers (Id. at ¶¶100-102); and, (3) the disclosure itself, even if it were conspicuous, is misleading, and shows the unlawfulness of Defendant's Compare At prices (Id. at ¶¶50-68).  The SAC alleges that a reasonable consumer would not believe that a comparative reference price on an item accompanied by the phrase, "Compare At," could have two different possible definitions. (Id.).  Yet that is precisely how Defendant defines its Compare At reference prices. (Id. at ¶49).

The SAC also clearly and adequately sets forth facts showing that items identical to those purchased by Plaintiffs from Defendant could not be found at other stores in Plaintiffs' area.  (Id. at ¶¶138-146, 158-162).  For example, with respect to Jacobo's purchase of a Free Authority Outdoors hat, the SAC specifically alleges that:

- "A pre-lawsuit investigation of other brick and mortar stores in Southern California, as well as online, conducted prior to filing this lawsuit in an effort to find other retailers selling a Free Authority Outdoors camouflage hat, was unable to find any other retailer in the Southern California area, or anywhere

-4-

else, that was selling or that had sold the identical Free Authority Outdoors camouflage hat Jacobo purchased at Ross." (Id. at ¶139).

- "Jacobo did, however, find a similar camouflage hat selling at Sports Authority with a "Duck Dynasty" label, selling for $14.99 – the same "Compare At" reference price advertised by Defendant for the Free Authority Outdoors brand." (Id. at ¶140).

- "Jacobo's pre-lawsuit investigation has led to the conclusion that the Free Authority Outdoors camouflage hat he purchased from Ross is and was not offered for sale at any other stores in Jacobo's area for the "Compare At" reference price advertised by Defendant, but that a similar "Duck Dynasty" brand hat was offered for sale by another retailer in Jacobo's area for the "Compare At" reference price advertised by Defendant." (Id. at ¶141).

- "Based on his pre-lawsuit investigation, Jacobo believes that the "Compare At" reference price of $15.00 advertised by Defendant in relation to the Free Authority Outdoor camouflage hat he purchased was a reference to the selling price of a "similar," non-identical product." (Id. at ¶142).

Jacobo makes similar allegations with respect to his purchases of metal wall art. (Id. at ¶¶143-146). Plaintiff Metoyer makes similar allegations with respect to shoes she purchased from Defendant. (Id. at ¶¶158-162). Thus, in compliance with this Court's Order, the SAC alleges facts sufficient to show that Plaintiffs were actually deceived when they interpreted Defendant's 'Compare At' prices as representing prices charged for identical goods.

## IV.   <u>ARGUMENT</u>:

To state a claim for violation of California's false advertising laws, Plaintiff need only allege that Defendant disseminated advertising that is false, misleading *or* "has a capacity, likelihood or tendency to deceive or confuse the public," and that reasonable consumers are likely to be deceived by Defendant's advertising. *Williams v. Gerber Products Co*., 552 F.3d 934, 938 (9th Cir. 2008). Despite Defendant's

repeated insistence that Plaintiffs have not adequately alleged that the Compare At prices were "false," an allegation of falsity is not required. It is enough that Plaintiffs allege that Defendant's Compare At prices are misleading or have a "capacity, likelihood or tendency to deceive" a reasonable consumer. *Id*; *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) ("[E]ven a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under" the FAL.). Plaintiffs here allege that Defendant disseminated deceptive price comparison advertising in the form of "Compare At" price tags affixed to each item sold at each of its California stores, that Defendant's Compare At prices have the capacity, likelihood or tendency to deceive or confuse consumers, and that reasonable consumers, including Plaintiffs, are deceived by Defendant's Compare At prices.

Plaintiffs must also allege that they purchased merchandise from Defendant on the basis of the deceptive, misleading, or confusing "Compare At" price tags, and that they would not have made those purchases but for the comparative price representations. *Hinojos v. Kohl's Corporation*, 718 F.3d 1098, 1104 (9th Cir. 2013). Plaintiffs' SAC alleges that Defendant's Compare At prices have the capacity or tendency to deceive or confuse a reasonable consumer because reasonable consumers interpret a "Compare At" price to be a reference to the price of an identical item, but Defendant's Compare At prices are references to the supposed prices of non-identical, similar items. (Id. at ¶¶50-68). The SAC further alleges that Plaintiffs purchased items from Ross in reliance on Defendant's Compare At prices, and they would not have purchased those items but for the deceptive or misleading reference prices. (Id. at ¶¶ 7-9). Plaintiffs have therefore alleged facts sufficient to state claims for violation of California's UCL, FAL, and CLRA.

The Ninth Circuit has recently held that "all a consumer need allege to establish standing to bring a UCL or FAL claim is that (1) the defendant made a false representation about a product, (2) the consumer purchased the product in reliance on

-6-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SAC

the misrepresentation, and (3) he would not have purchased the product otherwise." *Hinojos*, 718 F.3d at 1109.  The SAC satisfies this pleading requirement.  The SAC alleges that Defendant's use of the phrase "Compare At" is misleading, or at least has a tendency to mislead or confuse a reasonable consumer, and therefore requires a qualifying disclosure to eliminate the phrase's inherent ambiguity.  The SAC further alleges that Defendant's disclosure is inadequate, is not clear and/or conspicuous, and does not comply with FTC guidelines.  The SAC alleges all that is necessary to state valid claims.  Defendant's MTD should be denied because Plaintiffs have adequately alleged that Defendant's Compare At reference price advertising "has a capacity, likelihood or tendency to deceive or confuse the public." *Williams*, 552 F.3d at 938.

## A.   <u>Plaintiffs Provide Sufficiently Specific Factual Allegations</u>:

Defendant contends that Plaintiffs' claims in the SAC are not pled with the specificity required by Rule 9(b).  Defendant is mistaken.  "Rule 9(b) is not an insurmountable hurdle that bars the pleading of any fraud claim, as Defendant seems to suggest.  Rather, to satisfy Rule 9(b), '[a]verments of fraud must be accompanied by the 'the who, what, when, where, and how' of the misconduct charged.'" *Dean v. Colgate*, 2015 WL 3999313 (C.D. Cal. 2015), at *7; *Dorsey v. Rockhard Laboratories, LLC*, 2014 WL 4678969 (C.D. Cal. 2014), at *4.  The SAC "must be specific enough to give defendants notice of the particular misconduct." *Id*.

In its Order, this Court instructed:

"To comply with *Williams* and Rule 9(b), . . . Plaintiffs could plead that identical items could not be found at other stores in the area, indicating the Defendant's 'Compare At' prices misleadingly referred to 'similar' items. Such allegations would be sufficient to show that Plaintiffs were actually deceived when they interpreted 'Compare At' prices as representing prices charged for identical goods."

Order at *6-7.  The SAC adequately pleads that "identical items could not be found at other stores in the area, indicating the Defendant's 'Compare At' prices misleadingly

referred to 'similar' items." Id.  (See SAC at ¶¶137-162).  The SAC's allegations are sufficient to show that Plaintiffs were actually deceived when they interpreted Defendant's Compare At prices as representing prices charged for identical goods.

### 1.    Defendant Demands More Specificity Than is Required:

Plaintiffs provide sufficiently specific factual allegations in the SAC to support each of their claims.  Defendant demands more specificity than is required in false advertising cases.  Plaintiffs adequately allege the who, what, when, where, and how, regarding Defendant's deceptive reference prices.  The factual allegations of the SAC meet the pleading requirements established by Rules 9(b) and 12(b)(6).

The court in *Sperling v. Stein Mart*, 15-cv-01411-BRO (KKx) (U.S.D.C. C.D. Cal., March 15, 2016 ("*Stein Mart*")) examining identical "Compare At" language on Stein Mart's price tags, held that allegations in plaintiff's Third Amended Complaint ("TAC") that the product purchased by plaintiff was not sold at other retailers was sufficient to support a claim of deceptive advertising in violation of the UCL, FAL, and CLRA.  *Id*. at *10-12.  Specifically, the court found the TAC's allegations that, (1) "Defendant's 'Compare At' price tags are misleading" because they did "not adequately disclose to consumers that comparisons are being made to non-identical items," and (2) "the 'Compare At' language on the price tags leads consumers to believe that comparisons are being made to the prices of identical products when in fact comparisons are being made to non-identical, 'comparable' items," were sufficient to satisfy Rule 9(b).  *Id*. at 7-8.  In response to Stein Mart's argument that it adequately disclosed its definition of "Compare At" to consumers by providing a disclosure on signs in its stores and a disclosure on its website, the court found:

> "Pursuant to *Williams*, it would be error for the Court to expect
> reasonable consumers to look beyond Defendant's price tags to find a
> definition of the 'Compare At' language, even though Defendant
> included an asterisk immediately following the words 'Compare At.'"

Here, as in *Stein Mart*, Plaintiffs' allegations in the SAC – that the products purchased by Plaintiffs were not sold at other retailers – is sufficient under Rule 9(b) to support a claim of deceptive advertising in violation of the UCL, FAL, and CLRA. In addition, Ross's disclosure here admittedly does not go near as far as *Stein Mart*, which places an asterisk on its price tags and instructions on the back to seek out its definition in store or online. Here, Defendant's price tags simply contain the term "Compare At." Nothing on or near the price tags alerts consumers that Defendant has its own definition or interpretation of what it means by "Compare At." And similarly here, Plaintiffs should not be expected to look beyond Ross's price tags to decipher what it means by "Compare At."

The court in *Branca v. Nordstrom, Inc.*, 14-cv-02062-MMA (JMA) (U.S.D.C. S.D. Cal., October 9, 2015) ("*Branca*"), also examining identical "Compare At" language on Nordstrom's price tags, held that "Plaintiff cannot be expected to have detailed personal knowledge of [defendant's] internal pricing policies and procedures at this stage of the litigation." *Branca* at *15. "Moreover, the Rule 9(b) heightened pleading standard is relaxed as to facts supporting allegations of fraud that are exclusively within the defendant's possession and of which a plaintiff cannot be expected to have personal knowledge prior to discovery." *Id*. In denying defendant's motion to dismiss, the court found that plaintiff's allegations that he had purchased "one pair of cargo shorts," "one hooded sweatshirt," and "one pair of pants," were specific enough to satisfy Rule 9(b). *Id*. at *2.

Similarly, the court in *Horosny, et al. v. Burlington Coat Factory of CA, LLC*, et al., 15-cv-05005-SJO (MRWx) (U.S.D.C. C.D. Cal. October 26, 2015) ("*Horosny*") found that plaintiff Horosny's allegations that he purchased "a denim vest," a "Soccer Polo shirt," and a "pair of cargo fleece pants," were likewise specific enough to satisfy Rule 9(b). *Horosny* at *3. The court further found that co-plaintiff Price's allegations that she made "an unspecified number of purchases" of products with "Compare" price tags was sufficient to satisfy Rule 9(b). *Id*.

Here, the SAC pleads facts showing that the items Plaintiffs purchased could not be found at other stores in the area. (SAC at ¶¶138-162). These allegations, together with the other allegations in the SAC, are sufficient to show that Plaintiffs were actually deceived when they interpreted Defendant's Compare At prices as representing prices charged for identical goods.

### 2.   Plaintiffs Have Met the Required Pleading Standards:

Here, the SAC explains that Defendant (the "who") advertised the Compare At prices (the "what") on price tags accompanying each of its products at the Ross stores in La Puente, City of Industry, Hemet, Beaumont, Indio, and Mira Loma, California (the "where"), beginning in July 2011, and specifically on February 11, 2015 (Metoyer) and May 18, 2015 (Jacobo) (the "when"). (SAC at ¶¶7-9, 137-162). The SAC alleges that the "Compare At" prices are deceptive or misleading as (1) reasonable consumers would not believe the phrase "Compare At" to have two different alternative definitions or that it would refer to the price of non-identical items, (2) Defendant's Compare At prices do in fact refer to supposed prices of non-identical items, (3) Plaintiffs each purchased items from Defendant with Compare At prices they thought referred to the prices of identical items, but actually referred to the supposed prices of non-identical, "similar" items; and (4) Plaintiffs were actually deceived when they interpreted Defendant's Compare At prices as representing prices charged for identical goods. The SAC further alleges that Plaintiffs relied on these deceptive Compare At prices when making their purchases, and that they placed a higher value on the items they purchased because of the Compare At prices (the "how"). "In other words, Plaintiff[s] [have] sufficiently alleged [their] fraud claims." *Dean* at *7.

Plaintiffs' SAC alleges: (1) Defendant made deceptive representations about its products; (2) Plaintiffs purchased those products in reliance on Defendant's misrepresentations; and, (3) Plaintiffs would not have purchased those products if not for Defendant's misrepresentations. At the pleading stage, that is all that is required.

-10-

See, *Hinojos*, 718 F.3d at 1109.  To state a claim for economic injury as a result of false advertising, Plaintiffs need only allege that they "would not have bought the product but for the misrepresentation." *Id*. at 1104.  The SAC alleges that Plaintiffs would not have bought the items they did from Defendant but for Defendant's deceptive Compare At prices.

**B.    Plaintiffs' SAC Satisfies Rule 12(b)(6):**

To prevail on its MTD, Defendant must convince the Court that Plaintiffs have failed to plead facts, which taken as true, support the claim that Defendant's price advertising is either actually misleading or has a capacity, likelihood or tendency to deceive or confuse a reasonable consumer.  *Williams*, 552 F.3d at 938.  Defendant has failed to carry its burden.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  *In re ConAgra Foods, Inc.*, 908 F.Supp.2d 1090, 1096-1097 (C.D. Cal. 2012).  "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Matoff v. Brinker Rest. Corp*., 439 F.Supp.2d 1035, 1036 (C.D. Cal. 2006).

In considering a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams*, 552 F.3d at 937.  The Court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice.  *In re ConAgra*, 908 F.Supp.2d at 1096-1097.  "A complaint will survive a motion to dismiss when it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Dorsey* at *2. A motion to dismiss, though, "is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." *Williams*, 552 F.3d at 938.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SAC

To survive a motion to dismiss, a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  In this case, the SAC contains sufficient factual allegations to give Defendant fair notice of Plaintiffs' claims and enable Defendant to effectively defend itself.  The factual allegations also plausibly suggest Plaintiffs are entitled to relief, and it is therefore not unfair to require Defendant to answer Plaintiffs' SAC and litigate this case.

It is a "rare situation" where dismissing claims brought under California's false advertising laws at the pleading stage is warranted, and occurs only when "the advertisement itself ma[kes] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams*, 552 F.3d at 939.  This case is not that "rare situation."  The advertisements here – Defendant's price tags – do not make it impossible for Plaintiffs to prove that a reasonable consumer was likely to be deceived by Defendant's Compare At prices.

### 1.    No Reasonable Consumer Would Believe That the Phrase "Compare At" May Have Two Different Possible Meanings:

"[T]he primary evidence in a false advertising case is the advertising itself." *Id*. at 938.  The advertising in this case is Defendant's Compare At price tags.  Plaintiffs' claims here are governed by the "reasonable consumer" test.  *Id*.  To state a claim under California's false advertising laws "it is necessary only to show that members of the public are likely to be deceived."  *Pulaski & Middleman, LLC, v. Google, Inc*., 802 F.3d 979, 985 (9th Cir. 2015).  California's false advertising laws prohibit "not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."  *Williams*, 552 F.3d at 938.  Defendant contends that

-12-

its Compare At prices could be either one of two different things, and that reasonable consumers should understand that. Defendant is wrong.

a.   *How a Reasonable Consumer Would Interpret "Compare At" Requires a Determination of the Ultimate Disputed Issue of Fact and Should Not be Made on a Motion to Dismiss*:

The ultimate question in this case is whether Defendant's Compare At price tags have the capacity, likelihood or tendency to deceive or confuse reasonable consumers. The Ninth Circuit in *Williams* instructed that "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer. Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." 552 F.3d at 938-939. Similarly, in *Miller v. Ghirardelli Chocolate Co*., 912 F.Supp.2d 861 (N.D. Cal. 2012) the court refused to dismiss the plaintiff's UCL, FAL and CLRA claims at the pleading stage, relying on this general principle that "the question whether a business practice is deceptive is an issue of fact not appropriate for decision on a motion dismiss." 912 F.Supp.2d at 873. That admonition is equally appropriate here.

The court's decision in *Stein Mart* is instructive. Facing nearly identical circumstances, Judge O'Connell concluded that "it would be inappropriate to resolve on a motion to dismiss whether a reasonable consumer would be deceived under the circumstances alleged in Plaintiff's complaint." *Stein Mart* at *9.

The court's decision in *Branca* is also instructive here. In *Branca*, the court denied a motion to dismiss raising nearly identical arguments as Defendant's MTD here, and addressing the same "Compare At" phrase on defendant Nordstrom's price tags. In denying defendant's motion, the court cited *Williams* for the proposition that the determination of whether an advertising practice is deceptive, fraudulent, or unfair generally should not be made on a motion to dismiss. *Branca* at *12-13.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SAC

1    The recent decision from this district in *Horosny* concludes similarly.  In

2    *Horosny*, the court denied another nearly identical motion to dismiss raising the same

3    arguments as Defendant's MTD here, and addressing the nearly identical term

4    "Compare" on Burlington's price tags.  The court also cited *Williams* for the

5    proposition that the determination of whether defendant's "Compare" pricing practice

6    is deceptive, fraudulent, or unfair generally should not be made on a motion to

7    dismiss.  *Horosny* at *6.

8    The FTC has also advised that before a trier of fact decides whether a

9    challenged advertisement has the tendency to mislead, deceive or confuse, it should

10   "evaluate the totality of the ad or the practice and ask questions such as: how clear is

11   the representation? how conspicuous is any qualifying information? how important is

12   the omitted information? do other sources for the omitted information exist?"  FTC

13   Policy Statement on Deception (Oct. 14, 1983).  Here, before resolving the ultimate

14   factual issue in this case, the Court should have the opportunity to receive and

15   consider evidence related to, among other things, how a reasonable consumer would

16   interpret Defendant's Compare At price tags and whether Defendant's qualifying

17   disclosure is clear, conspicuous, and/or adequate.

18           b.    *Reasonable Consumers Interpret "Compare At" to be a Reference*

19                 *to Actual Retail Market Prices of Identical Items*:

20   A 2004 study in The Journal of Consumer Affairs by Larry D. Compeau,

21   Ph.D., *et al.*, has concluded that the average reasonable consumer interprets the term

22   "compare at," when presented in comparison to a lower selling price for an item, to

23   refer to "prices found in a 'regular price' department store."  (The Journal of

24   Consumer Affairs, Vol. 38, No. 1, 2004, at 184).[1]  This conclusion comports with the

---

[1] The Court may rely on articles from marketing journals at the motion to dismiss
stage.  *Hinojos*, 718 F.3d at fn. 7 ("We see no merit to the Defendants' objection that
we may not rely on articles from a marketing journal at the motion to dismiss stage.
We do not rely on the cited article to establish facts about [plaintiff's] case that are
not contained in the pleadings, but rather in support of the conclusion that false
advertisements about a product's true market price are significant to consumers.").

-14-

findings of a study cited to and relied on in the *Branca* case, which found that 90% of consumers surveyed interpreted a "Compare At" price tag to mean that the actual "associated item" was previously sold for the "Compare At" price either at the defendant retailer's mainline stores or other retail stores. *Branca* at *13.

Defendant's own definition supports this conclusion. Even though one of the many different alternative interpretations of Defendant's definition of the phrase "Compare At" might include the price of a "similar product," there are other equally reasonable and plausible interpretations of the same phrase and definition. One such reasonable and plausible interpretation of the phrase "Compare At" read in light of Defendant's definition is that the "Compare At" price is a reference to the "selling price of the same . . . product." In fact, Defendant's definition specifically says that the Compare At price "represents a recent documented selling price of the same . . . product." (SAC at ¶49). This is also precisely how Plaintiffs, reasonable consumers, interpreted the Compare At prices of the items they purchased from Ross – as the prices of the same (i.e., identical) products. Where Defendant's own definition provides that the Compare At price represents the price of the same product, it is not reasonable to conclude, particularly at the pleading stage, that the only reasonable interpretation is that the Compare At price represents the price of an allegedly "similar" product. Put differently, it is rational to conclude that Plaintiffs reasonably believed that Defendant's Compare At prices referred to the same, rather than similar, products.

    c.   *No Reasonable Consumer Would Believe a "Compare At" Price is a Reference to Either One of Two Different Possible Prices*:

Defendant contends that its Compare At prices could be a reference to one of two different possible prices. Not only would no reasonable consumer understand the phrase "Compare At" on a price tag to have two different meanings, but even if they were to actually see Defendant's disclosure, they would still be left to guess whether the Compare At price is the price of an identical item, or the price of a non-identical

-15-

similar item.  Even if a consumer actually found and read Defendant's disclosure, the consumer is still likely to have been deceived, misled, or confused.

Recognizing this, the FTC Guides require that where an advertised reference price is intended to be a reference to a non-identical, similar item, retailers must make "clear" to consumers that a comparison is being made to other non-identical merchandise.  FTC Guides, 16 Code of Fed. Regs. § 233.2(c).  Plaintiffs allege, and Defendant's disclosure reveals, that Defendant's Compare At price advertising, even if read in conjunction with its disclosure, does not make clear to consumers what a comparison is being made to.  If a consumer has to guess between two different alternative definitions, then the comparison is not "clear."  The Better Business Bureau also recognizes this in its Code of Advertising, which provides that if a retailer means to compare its selling price to a higher reference price of comparable merchandise, the retailer should use clear language in its advertising such as "comparative value," or "compares with merchandise selling at," or "equal to merchandise selling for."

The question of whether Defendant's price tags make clear to consumers that a comparison is being made to non-identical similar merchandise is the ultimate issue of fact in this case.  As such, it should not be decided at the pleading stage.

**2.      Defendant's Price Tags Do Not Make Clear to Consumers That Comparisons Are Being Made to Non-Identical "Similar" Items**:

The FTC Pricing Guides require, among other things, that if Defendant intends to compare its prices to the value or price of comparable (i.e., non-identical or similar) merchandise, Defendant is, and has been, required to make "clear to the consumer that a comparison is being made with other merchandise."  Defendant's price tags do not make clear that a comparison is being made with other merchandise.

The SAC alleges that Defendant's definition of its Compare At prices is not adequately disclosed to consumers.  The focus of Plaintiff's claims is on Defendant's price tags.  The challenged misleading representation (i.e., "Compare At") is

presented on Defendant's price tags.  Defendant's disclosure of what it means by "Compare At" is admittedly not on or near the price tags.  A consumer would admittedly have to look beyond the price tag itself to discover what Defendant's Compare At prices are meant to be.

The Ninth Circuit in *Williams* held that "reasonable consumers should [not] be expected to look beyond misleading representations . . . to discover the truth" about a claim.  552 F.3d at 939; *see also Stein Mart* at *8-9 ("Pursuant to *Williams*, it would be error for the Court to expect reasonable consumers to look beyond Defendant's price tags to find a definition of the 'Compare At' language, even though Defendant included an asterisk immediately following the words 'Compare At.'").  Likewise here, Defendant's customers should not be expected to look beyond the price tag itself, with the undefined phrase "Compare At," to discover what Defendant means by "Compare At."  Nor should Defendant's customers be required to look beyond Defendant's price tags themselves to learn that they must guess between two alternative definitions offered by Defendant.  Plaintiffs here adequately allege that Defendant's disclosure is not clear or conspicuous, is inadequate, and does not comply with FTC guidelines.

Here, none of the qualifying language is in the ad itself (i.e. on the price tag).  Here, the supposedly qualifying language is either somewhere on a website or on a separate sign at some undisclosed location in the store.  Here, reasonable consumers do not see Defendant's qualifying language unless they search for it outside the price tag itself.  The Ninth Circuit does not require and does not expect consumers to look beyond the Compare At price tag itself to discover the truth about Defendant's comparative reference prices.  *See Williams*, 552 F.3d at 939.  Defendant's disclosure located somewhere outside of and beyond the price tag, is insufficient to adequately disclose to a reasonable consumer such as Plaintiffs that the Compare At prices are meant to be references to prices of non-identical items.

Here, the SAC alleges facts showing that products purchased by Plaintiffs were not offered for sale at other stores in the area. The SAC alleges that identical items cannot be found at other stores, thus indicating that Defendant's Compare At prices related to items purchased by Plaintiffs misleadingly refer to non-identical items. These allegations are sufficient to satisfy both Fed. R. Civ. Proc. 8(a) and 9(b), sufficient to show that Plaintiffs were actually deceived when they reasonably interpreted Defendant's Compare At prices as representing prices charged for identical goods, and sufficient to state a claim upon which relief may be granted. It cannot be said "as a matter of law, that no reasonable consumer would be deceived" by Defendant's Compare At price advertising. *Miller*, 912 F.Supp.2d at 874.

### 3. Defendant's Disclosure is Neither Clear Nor Conspicuous:

The FTC Pricing Guides addressing comparable value comparisons specifically require that *if* a retailer's reference prices are intended to be comparable value comparisons (i.e., comparisons to similar products), the retailer must make "clear to the consumer that a comparison is being made with other merchandise." Defendant's use of the simple phrase "Compare At" on its price tags, does not make clear to reasonable consumers, and did not make clear to Plaintiffs, that the Compare At prices were meant to be references to the prices of other "similar" products.

In *Horosny*, the court found that without a conspicuous qualifying disclosure, a price tag which simply asks the consumer to "Compare" a higher reference price to the retailer's selling price "is misleading within the meaning of the FAL." *Horosny* at *9. The court based its ruling on both the language of the FTC Guides and the FTC's Policy Statement on Deception. *Id*. at *8. The court explained that the FTC's Policy Statement on Deception requires that where, as here, qualifying information is necessary to prevent a claim from being misleading, that qualifying information must be adequately disclosed to consumers. *Id*. The court found that when a retailer's reference prices are supposedly based on "similar products," the retailer must "effectively disclos[e] that the comparison is to a non-identical item." *Id*.

Defendant's disclosure, placed far beyond the price tag itself, fails to satisfy these requirements.

## V.   CONCLUSION:

The issue here remains whether this Court should decide at the pleading stage on a motion to dismiss the ultimate disputed issue of fact in this case: whether a reasonable consumer is likely to be misled or confused by Defendant's price tags. Defendant's Motion should be DENIED because Plaintiffs' SAC alleges facts sufficient to state claims upon which relief may be granted for violation of California's UCL, FAL, and CLRA.

Dated:  May 23, 2016               Respectfully submitted,
                                   LAW OFFICE OF CHRISTOPHER J. MOROSOFF


                                   By: /s/ *Christopher J. Morosoff*
                                       Christopher J. Morosoff
                                       Attorneys for Plaintiffs JOSE JACOBO, et al.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SAC