1   DAVID F. MCDOWELL (CA SBN 125806)
    DMcDowell@mofo.com
2   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
3   Los Angeles, California 90017-3543
    Telephone: 213.892.5200
4   Facsimile: 213.892.5454

5   KEVIN M. COLES (CA SBN 271518)
    KColes@mofo.com
6   MORRISON & FOERSTER LLP
    425 Market Street
7   San Francisco, California 94105-2482
    Telephone: 415.268.7000
8   Facsimile: 415.268.7522

9   Attorneys for Defendant
    ROSS STORES, INC.

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14   JOSE JACOBO, et al.,                    Case No. 2:15−cv−04701−MWF (AGRx)

15              Plaintiffs,                  **DEFENDANT ROSS STORE, INC.'S
                                             REPLY IN SUPPORT OF MOTION
16        v.                                 TO DISMISS SECOND AMENDED
                                             COMPLAINT**
17   ROSS STORES, INC., a Delaware
     Corporation, and DOES 1 through 100,    Date:    June 13, 2016
18   inclusive,                              Time:    10:00 a.m.
                                             Dept.:   1600
19              Defendants.                  Judge:   Hon. Michael W. Fitzgerald

20

21

22

23

24

25

26

27

28

sf-3658583

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................ii

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

II.  PLAINTIFFS' OPPOSITION ..........................................................2

III. ARGUMENT ................................................................................3

    A.   Plaintiffs Fail To State A Claim Under Rule 12(B)(6)......................3

        1.   Plaintiffs Fail to Allege Deception with the Requisite Particularity Under Federal Rule of Civil Procedure 9(b) .....................................................................4

            a.   Plaintiffs Fail to Plead Facts Showing that Purchased Items were Offered for Sale Exclusively in Ross Stores ...............................5

            b.   Plaintiffs' Reliance on Distinguishable Case Law is Misplaced ...........................................7

        2.   Plaintiffs' Omission Theory Fails...........................................9

        3.   Plaintiffs' Focus on Factual Issues Regarding the Reasonable Consumer Cannot Save Plaintiffs' Claims From Dismissal Under Rule 12(b)(6) .....................10

    B.   Plaintiffs Fail To Satisfy Additional Pleading Requirements Under UCL, FAL And CLRA. ...................10

        1.   The SAC Cannot Support an "Unfairness" Claim. ................10

        2.   The SAC Cannot Support an "Unlawful" Claim....................11

        3.   The SAC Fails to Support a False Advertising Claim.............................................................................11

        4.   The SAC Fails to State a Claim under the CLRA. .................11

IV.  CONCLUSION ............................................................................12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Ackerman v. Nw. Mut. Life Ins. Co.*,
    172 F.3d 467 (7th Cir. 1999.) .............................................................. 4

*Branca v. Nordstrom, Inc.*,
    No. 14-cv-02062-MMA (JMA), slip op.
    (S.D. Cal. Oct. 9, 2015), ECF No. 30 ......................................... 3, 8, 9

*Dean v. Colgate-Palmolive, Inc.*,
    No. EDCV 15-0107 JGB (DTBx),
    2015 WL 3999313 (C.D. Cal. June 17, 2015) ...................................... 6

*Dorsey v. Rockhard Labs., LLC*,
    No. CV 13–07557 DDP, 2014 WL 4678969 (C.D. Cal. Sept. 19, 2014) ........... 6

*Flood v. Nat'l Football League*,
    No. 2:08-cv-0091-GEB-JFM-PS,
    2009 WL 86577 (E.D. Cal. Jan. 8, 2009) ........................................... 11

*Hinojos v. Kohl's Corp.*,
    718 F.3d 1098 (9th Cir. 2013) .............................................................. 5

*Horosny v. Burlington Coat Factory of Cal., LLC*,
    No. 15-cv-05005-SJO, slip op. (C.D. Cal. Oct. 26, 2015), ECF No. 30 ............. 9

*O'Donnell v. Bank of Am. Nat'l Ass'n*,
    504 F. App'x 566 (9th Cir. 2013) ....................................................... 11

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
    72 Cal. App. 4th 861 (1999) .............................................................. 10

*Sperling v. Stein Mart, Inc.*,
    No. 15-cv-01411-BRO, slip op. (C.D. Cal. Mar. 15, 2016), ECF No. 41 .......... 8

**RULES**

Fed. R. Civ. P.
    Rule 9(b) ................................................................................... *passim*

sf-3658583

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' First Amended Complaint ("FAC") (ECF No. 24) was dismissed because Plaintiffs failed to plead with particularity that Ross's price advertisements were false or misleading as required under Federal Rule of Civil Procedure 9(b).

The Court granted leave to amend the FAC and offered Plaintiffs discrete examples of how they might cure the fatal defects in their FAC by showing that Ross's "Compare At" prices were inaccurate.  Plaintiffs needed to plead facts showing that either 1) the items they purchased were sold at other stores at a price lower than Ross's "Compare At" price, or 2) the purchased items were offered for sale exclusively in Ross's stores, indicating that the "Compare At" prices referred to similar, not identical, items.  Plaintiffs could do neither.

Instead, Plaintiffs filed a Second Amended Complaint ("SAC") (ECF No. 49) rehashing nearly all of the same speculative allegations from the FAC.  In an effort to address "perceived deficiencies," Plaintiffs also included new allegations that certain "pre-lawsuit investigations" led to the conclusion that Ross's "Compare At" pricing was deceptive.

Despite their efforts, Plaintiffs fail to identify any facts distinguishing that conclusion from mere speculation.  In sum, the SAC, like the FAC, fails to plead deception with the particularity required by Rule 9(b).

Plaintiffs' Opposition to Ross's Motion to Dismiss (the "Opposition") (ECF No. 51) does nothing to change this result.  Instead, the Opposition makes conclusory assertions that Plaintiffs' fraud claims are adequately pled, mischaracterizes allegations as set forth in the SAC, and dwells at length on factual issues regarding what Plaintiffs believe a reasonable consumer would think and do upon encountering Ross's "Compare At" pricing and related disclosures.

Given the SAC's shortcomings and Plaintiffs' demonstrated inability to plead their fraud claims with particularity, Ross respectfully requests that the SAC be dismissed.

sf-3658583

## II.    PLAINTIFFS' OPPOSITION

Plaintiffs' Opposition does nothing to show that Plaintiffs adequately pled fraud claims under Rule 9(b) or cured any defects from the FAC.  Instead, Plaintiffs' Opposition characterizes the "Court's concerns" as merely "perceived deficiencies" (Opp. at 1), then makes a series of conclusory assertions about the SAC, that it "alleges [facts] with particularity" (*id.*), "sets forth facts showing that Defendant's Compare At price tags are misleading" (*id.*) and "clearly and adequately sets forth facts showing that items identical to those purchased by Plaintiffs from Defendant could not be found at other stores in Plaintiffs' area" (*id.* at 4).  The Opposition fails, however, to identify particularized facts alleged anywhere in the SAC that support Plaintiffs' broad conclusions.

The Opposition goes on to mischaracterize various allegations as set forth in the SAC.  For example, it states, without citation, that "the SAC alleges facts showing that products purchased by Plaintiffs were not offered for sale at other stores in the area."  (Opp. at 18.)  Yet the SAC itself merely alleges that "pre-lawsuit investigation[s] . . . led to the conclusion [that products were] not offered for sale at any other stores in [Plaintiff's] area for the 'Compare At' reference price advertised . . . ."  (SAC ¶ 141.)  In other words, the Opposition re-characterizes vague allegations about someone's subjective beliefs as objective facts, then uses those "facts" to bolster Plaintiffs' contention that they were objectively deceived.

For another odd example, the SAC alleges that Ross discloses its definition of "Compare At" on signs in its stores (SAC ¶¶ 83, 101), yet the Opposition casts doubt on the existence and location of those signs.  Plaintiffs now argue that Ross "allegedly" makes these disclosures "somewhere in its stores" (Opp. at 2) or "at some undisclosed location in the store" (*id.* at 17).  Despite Plaintiffs' sudden skepticism, the Opposition proceeds to assert that Ross's disclosures are "placed far beyond the price tag itself."  (*Id.* at 19.)  Plaintiffs fail to make clear how they could reach this conclusion if, as they say in the Opposition, the alleged location of these

sf-3658583

1   signs remains undisclosed.

2       Apart from Plaintiffs' efforts to mischaracterize their own pleadings, the

3   Opposition also gives lengthy and undue attention to separate factual issues

4   regarding how a reasonable consumer would or would not interpret Ross's

5   "Compare At" pricing and disclosures.  (*See* Opp. at 12-19.)  Plaintiffs argue that

6   "[t]he issue here remains whether . . . a reasonable consumer is likely to be misled

7   or confused by Defendant's price tags," and that such an issue should not be

8   decided at the pleadings stage.  (*Id.* at 19.)  Contrary to Plaintiffs' assertions,

9   however, the chief issue to be decided on Ross's Motion to Dismiss the Second

10  Amended Complaint ("MTD") (ECF No. 50) is not whether Plaintiffs can identify

11  theoretical issues of fact upon which the parties might disagree, but simply whether

12  Plaintiffs have adequately pled facts with particularity to show that Plaintiffs

13  themselves were deceived in the first place.  As reiterated below, Ross respectfully

14  submits that the answer to that question is clearly no.

15  **III.   ARGUMENT**

16      **A.   Plaintiffs Fail To State A Claim Under Rule 12(B)(6).**

17      As Ross makes clear in its MTD, Plaintiffs claims all stem from allegations

18  that Ross's price tags were somehow false, deceptive and/or misleading.  (MTD at

19  11.)[1]  As such, Plaintiffs must allege facts in support of those claims with

20  particularity under Federal Rule of Civil Procedure 9(b).

21      Plaintiffs do not dispute that the heightened pleading standards of Rule 9(b)

22  apply to each of their claims.  The Opposition does cite *Branca v. Nordstrom, Inc.*,

23  No. 14-cv-02062-MMA (JMA), slip op. (S.D. Cal. Oct. 9, 2015), ECF No. 30

24  ("*Branca*") to argue that the 9(b) standard is relaxed with respect to facts

25
26
27
28

---

[1] Although Plaintiffs' allegations are vague and wide-ranging, the crux of Plaintiffs' most recent theory of deception is that Plaintiffs and reasonable consumers believe that "Compare At" advertisements refer to prices for identical items at other retailers, and that Ross sometimes misleads these consumers by advertising "Compare At" prices that, in fact, refer to "similar" or "non-identical" items.

sf-3658583

1    exclusively within the defendant's possession.  (Opp. at 9.)  Nevertheless, Plaintiffs

2    fail to identify what those facts might be.  (*Cf.* Order Granting Def.'s  Motion to

3    Dismiss (ECF No. 45) ("Order") at 7.)  Any relaxed standard therefore has no

4    application here.

5         Plaintiffs also argue to no avail that allegations of falsity are not required to

6    state a claim for violation of California's false advertising laws.  (Opp. at 5-6.)

7    Even granting the premise, Plaintiffs fail to allege any facts with particularity to

8    show that Ross's Compare At prices are false, misleading, or have a capacity,

9    likelihood or tendency to deceive a reasonable consumer.  (*See* MTD at 12-15.)

10             **1.    Plaintiffs Fail to Allege Deception with the Requisite**
                      **Particularity Under Federal Rule of Civil Procedure 9(b)**

11

12        In its order dismissing Plaintiffs' FAC, this Court held that "[i]t is

13   insufficient under Rule 9(b) to simply assert [deceptive practices] on 'information

14   and belief'" and that "Plaintiffs must conduct a reasonable investigation into their

15   claims and plead at least some facts to bolster their 'belief' that the 'Compare At'

16   prices were inaccurate."  (Order at 6.)  Plaintiffs had a responsibility to conduct a

17   "precomplaint investigation in sufficient depth to assure that the charge of fraud is

18   responsible and supported."  *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467,

19   469 (7th Cir. 1999.)

20        As Ross's MTD shows, Plaintiffs' SAC is largely identical to the FAC, and

21   exhibits the same failure to conduct a sufficient pre-complaint investigation into

22   Plaintiffs' fraud claims.  Plaintiffs claims should be dismissed again for these same

23   reasons.  (MTD at 13.)

24        Plaintiffs' Opposition fails to show otherwise.  Plaintiffs do not deny that the

25   SAC draws heavily from those allegations asserted in the FAC, and offer no reason

26   why the same unsubstantiated claims should survive dismissal.

27

28

sf-3658583

a.    **Plaintiffs Fail to Plead Facts Showing that Purchased Items were Offered for Sale Exclusively in Ross Stores**

As Ross sets forth more fully in its MTD, the Court gave Plaintiffs two examples of how they might successfully plead deception.  (*See* MTD at 13-14.)  First, they could allege that the identical items they purchased were sold at other retailers for a lower price than the advertised "Compare At" price.  Plaintiffs made no attempt to allege such facts in the SAC.

Alternatively, Plaintiffs could plead facts showing that their purchased items were offered exclusively in Ross Stores, thereby indicating that the "Compare At" price must have referred to a "similar" rather than identical product.  Ross argues that Plaintiffs efforts to plead facts in the SAC showing this kind of exclusivity fell well short of their intended purpose.  Specifically, new allegations in the SAC about "pre-lawsuit investigations" were not pled with the requisite particularity and failed to show any facts supporting a conclusion that Plaintiffs were deceived by Ross's "Compare At" pricing.  (MTD at 14-15.)

Plaintiffs' Opposition fails meaningfully to address Ross's argument, and provides no explanation for Plaintiffs' failure to allege particularized facts regarding the purported "pre-lawsuit investigations."  Instead, the Opposition cites to the new allegations, excerpts four of the new paragraphs, and summarily concludes that "the SAC alleges facts sufficient to show that Plaintiffs were actually deceived . . . ."  (Opp. at 4-5.)[2]

Contrary to this conclusion, Plaintiffs' new allegations of "pre-lawsuit

_____

[2] Plaintiffs' Opposition acknowledges that "Plaintiffs must also allege that they purchased merchandise from Defendant on the basis of the deceptive, misleading, or confusing "Compare At" price tags, citing *Hinojos v. Kohl's Corporation*, 718 F.3d 1098, 1104 (9th Cir. 2013).  (Opp. at 6.)  Although *Hinojos* involves issues of standing, the admission is relevant to whether Plaintiffs can show they were deceived.  While Plaintiffs point to Ross's dual definition of "Compare At" as evidence that Ross's "Compare At" pricing sometimes purports to be deceptive, the SAC does not adequately plead facts showing that Plaintiffs' own purchases were a result of the purportedly deceptive price advertising.

5

sf-3658583

1  investigations" (SAC ¶¶ 138-146, 158-162) do not plausibly show that Plaintiffs

2  were, in fact, deceived by Ross's "Compare At" pricing.  To do so, Plaintiffs would

3  have to allege facts that the investigations led to a legitimate conclusion that the

4  investigated products were sold exclusively at Ross.  (*See* Order at 8-9.)  Yet

5  tellingly, neither the SAC nor the Opposition ever alleges facts showing that the

6  products in question were "exclusively" sold at Ross Stores.  Instead, Plaintiffs'

7  Opposition passively recites that identical items "could not be found at other stores

8  in Plaintiffs' area."  (Opp. at 1; *cf.* Order at 8-9.)  The SAC provides no allegations

9  about *who* could not find the items, *where* they looked (or failed to look), or even

10  *when* and *how* the purported investigation was conducted.  As alleged, Plaintiffs'

11  passive assertions fail to give rise to any conclusions beyond a level of mere

12  speculation.  Plaintiffs' SAC cannot adequately support an inference that Plaintiffs

13  were actually deceived into making their alleged purchases.  *Dean v. Colgate-*

14  *Palmolive, Inc.*, No. EDCV 15-0107 JGB (DTBx), 2015 WL 3999313, at *7 (C.D.

15  Cal. June 17, 2015); *Dorsey v. Rockhard Labs., LLC*, No. CV 13–07557 DDP

16  (RZx), 2014 WL 4678969, at *4 (C.D. Cal. Sept. 19, 2014).

17  Plaintiffs' conclusion that the purported "pre-lawsuit investigations" are

18  sufficient to show that "Plaintiffs and all other reasonable consumers were

19  deceived" (Opp. at 2) is implausible for additional reasons.  For example, there are

20  multiple unexplained inconsistencies among the SAC and Plaintiffs' prior

21  pleadings.  Chief among them is Plaintiffs' failure even to mention the results of

22  any pre-lawsuit investigations in any pleading prior to the Court's dismissal order.

23  Additionally, Plaintiffs repeatedly swap allegations regarding their different

24  alleged purchases in and out of the pleadings.  Whereas the FAC alleged that

25  Plaintiff Metoyer purchased a pair of slippers, the SAC inexplicably omits any

26  mention of them.  Whereas the FAC alleged that Plaintiff Jacobo purchased a belt

27  and a hat, the SAC alleges that Plaintiffs also purchased two pieces of metal wall

28  art on an unspecified date.

6

Futhermore, among the dozens of products allegedly purchased, Plaintiffs only allege that four were ever investigated.  Plaintiffs never allege that Mr. Jacobo's belt or Ms. Metoyer's slippers were ever the subject of an investigation.  Meanwhile, the metal wall art was allegedly investigated "pre-lawsuit" despite never being mentioned in the original complaint or the FAC.

The SAC also alleges that a pre-lawsuit investigation into the shoes that Plaintiff Metoyer purchased somehow supported the conclusion that Plaintiff Metoyer was deceived by Ross's "Compare At" pricing.[3]  (SAC ¶¶ 159-162.)  Yet despite these purported pre-lawsuit findings, Plaintiff Metoyer was not named a Plaintiff in the original complaint, and was not joined until nearly four months into the lawsuit.  Moreover, Plaintiff Metoyer brings claims based on purchases she made as late as June 19, 2015, exactly one day before the original Complaint was filed, initiating this lawsuit.  (*See* SAC p. 40.)  If investigations into Plaintiff Metoyer's purchases occurred "pre-lawsuit," and if those investigations resulted in a conclusion that she was being deceived, why was she still shopping at Ross stores the day before the lawsuit was filed?

Finally, Ross's MTD also shows that Plaintiffs beliefs, as alleged in the SAC, are inconsistent with the conclusions drawn from the purported pre-lawsuit investigations.  Specifically, Plaintiffs allege that they believe other merchants are selling products identical to those they purchased at Ross, even though the pre-lawsuit investigations could not find those products being sold at other stores.  (MTD at 15.)  Plaintiffs' Opposition fails to explain away this inconsistency.

### b. Plaintiffs' Reliance on Distinguishable Case Law is Misplaced

As Ross's MTD shows, courts have no difficulty dismissing FAL, UCL, and CLRA claims where a plaintiff fails to state sufficient facts giving rise to a claim

---

[3] That Plaintiff Metoyer can only allege a "Compare At" price "to the best of her recollection" further undermines the plausibility of Plaintiffs' deception claims.

7

sf-3658583

1  for relief.  (MTD at 12.)

2       Plaintiffs argue that Ross demands more specificity than Rule 9(b) requires.

3  (Opp. at 8.)  Plaintiffs rely on three distinguishable cases to support this argument.

4  Plaintiffs first compare the present case to allegations in *Sperling v. Stein Mart,*

5  *Inc.*, No. 15-cv-01411-BRO (KKx), slip op. (C.D. Cal. Mar. 15, 2016), ECF No. 41

6  ("*Stein Mart*") that the defendant's "Compare At" price tags were misleading

7  because they did not disclose that comparisons were being made to non-identical

8  items.  (Opp. at 8.)  That court held that plaintiff's allegations supported a deceptive

9  advertising claim.  Yet that court properly dismissed an earlier complaint for failure

10  to allege that other retail stores did not sell identical products at the "Compare At"

11  price.  *Stein Mart*, slip op. at 9.  The plaintiffs then corrected the deficiency by

12  alleging in a subsequent amended complaint that Defendant was, in fact, the

13  exclusive retailer of the purchased product.  (*Id.*)

14       Here, Plaintiffs' vague allegations regarding pre-lawsuit investigations fail to

15  allege the same exclusivity that proved adequate in *Stein Mart*.  Plaintiffs here

16  failed to correct deficiencies from their FAC.  The SAC does not adequately allege

17  that Ross's advertisements were somehow deceptive.

18       Plaintiffs next rely on *Branca* to argue that they cannot be expected to have

19  detailed knowledge of Ross's internal pricing policies, and therefore should not be

20  held to the Rule 9(b) standard.  The facts in *Branca*, however, are clearly

21  distinguishable.  Regarding plaintiffs' knowledge of defendant's pricing policies,

22  the *Branca* court was referring to a compliance manual that plaintiffs had attached

23  to the pleadings.  Plaintiffs alleged that the manual illustrated how defendants'

24  pricing practices were deceptive.  The defendant argued that the manual did not

25  give any information regarding how it calculated "Compare At" prices.  Yet the

26  facts underlying the defendant's argument were exclusively in the defendant's own

27  possession.  The court was unwilling to resolve factual issues in the defendant's

28  favor on a motion to dismiss.

8

Here, in contrast, Plaintiffs have not identified any material facts exclusively in Ross's possession.  Furthermore, the Court already rejected this same argument when Plaintiffs raised it in their FAC.  (Order at 7.)  At that time, the Court observed that "prices that other retailers charge for the products at issue are just as easily available to Plaintiffs as they are to Defendant."  (*Id.*)  Nothing in *Branca* gives Plaintiffs license to circumvent the pleading requirements of Rule 9(b) under such circumstances.

Plaintiffs also rely on *Branca* and *Horosny v. Burlington Coat Factory of California, LLC*, No. 15-cv-05005-SJO (MRWx), slip op. (C.D. Cal. Oct. 26, 2015), ECF No. 30 ("*Horosny*") to argue that Rule 9(b) does not require that they allege items of purchase with specificity, and that descriptions such as "one pair of cargo shorts" should suffice.  (Opp. at 9.)  Plaintiffs overlook, however, that not all of Ross's items are allegedly the same.  Plaintiffs repeatedly concede that Ross's "Compare At" prices for at least some items actually meet their expectations.  In Plaintiffs' own words, at least part of Ross's "Compare At" pricing definition is "precisely how Plaintiffs, reasonable consumers, interpreted the Compare At prices of the items they purchased from Ross – as the prices of the same (i.e., identical) products."  (*Id.* at 15.)  It therefore does matter in this case how specifically Plaintiffs identify items of purchase in the SAC, because some of Ross's advertised products admittedly would not cause Plaintiffs to be deceived.  The *Branca* case dealt with no such ambiguities and has little bearing on how Plaintiffs must allege item purchases in this case.

## 2.    Plaintiffs' Omission Theory Fails

Ross argues that Plaintiffs fail to allege any actionable omission.  (MTD at 16-18.)  Plaintiffs' Opposition does not contest that Plaintiffs fail to state a claim for active concealment.  Nor do Plaintiffs identify any material facts of which Ross has exclusive knowledge that would give rise to a duty to disclose.

Ross argues that, even where a duty to disclose exists, if the information is in

sf-3658583

fact already available to the consumer, the defendant's business practice is not deceptive, misleading, or fraudulent as a matter of law.  (MTD at 17 (citing *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 879-90 (1999)).)  Plaintiffs' Opposition does not deny that consumers have access to Ross's definition of "Compare At" prices, both online and in Ross stores.

Ross also argues that the FTC's ".com Disclosures" standards have no application in this case because Plaintiffs never allege being confused about something they saw online.  In fact, Plaintiffs do not allege seeing any "Compare At" pricing online.  Plaintiffs' Opposition fails to address this argument.

### 3. Plaintiffs' Focus on Factual Issues Regarding the Reasonable Consumer Cannot Save Plaintiffs' Claims From Dismissal Under Rule 12(b)(6)

Ross argues in the MTD that a 2004 study by Dr. Larry Compeau cited in Plaintiffs' SAC fails to support Plaintiffs' conclusions regarding the average reasonable consumer.  (MTD at 18.)  Plaintiffs apparently seized upon this argument in order to argue at great length about how a reasonable consumer would interpret Ross's "Compare At" pricing.  (*See* Opp. at 12-19.)  Yet the Court made clear that it "cannot determine at this early stage how a reasonable consumer would interpret this crucial term" and such "argument is better suited for a motion for summary judgment."  (Order at 15.)  Therefore, Ross respectfully refrains from addressing these arguments further, except to note that such issues, even if unresolved, impose no bar on the Court's ability to dismiss the SAC should the Court find that Plaintiffs otherwise fail to state claims with particularity under Rule 9(b).  Should it become necessary, Ross will take up arguments regarding the reasonable consumer at a later stage in this litigation.

### B. Plaintiffs Fail To Satisfy Additional Pleading Requirements Under UCL, FAL And CLRA.

### 1. The SAC Cannot Support an "Unfairness" Claim.

Ross shows that the SAC fails to allege any unfair conduct or facts to show

sf-3658583

that Ross's "Compare At" pricing is deceptive.  (MTD at 12-15.)  As shown, the Opposition does nothing to refute this argument.  Plaintiffs' UCL claim under the "unfairness" prong should consequently be dismissed.

### 2. The SAC Cannot Support an "Unlawful" Claim.

As Ross has shown, Plaintiffs fail to allege facts sufficient to show a violation of any underlying law.  (MTD at 19-20.)

Furthermore, the FTC Guide, despite Plaintiffs' continued reliance on it, does not create a private cause of action.  *See Flood v. Nat'l Football League*, No. 2:08-cv-0091-GEB-JFM-PS, 2009 WL 86577, at *2 (E.D. Cal. Jan. 8, 2009) ("Plaintiff's claims under the Federal Trade Commission Act also fail because that Act confers no private right of action.").  Plaintiffs cannot create a private cause of action based on such regulations in the guise of a § 17200 UCL claim.  *See O'Donnell v. Bank of Am. Nat'l Ass'n,* 504 F. App'x 566, 568 (9th Cir. 2013) (plaintiff cannot use California law to engineer a private right of action under the Federal Trade Commission Act).

### 3. The SAC Fails to Support a False Advertising Claim.

Plaintiffs fail to allege facts showing that Ross had any knowledge that the challenged "Compare At" prices were somehow untrue or misleading.  (MTD at 20.)  The Opposition does nothing to correct this defect.  Plaintiffs' FAL claim should therefore be dismissed.

### 4. The SAC Fails to State a Claim under the CLRA.

Ross has shown that Plaintiffs fail to allege facts showing that Ross advertised any "price reductions" as defined under the CLRA, or that the law even addresses the kind of comparable value comparison pricing at issue here.  (MTD 20-21.)  The Opposition fails to meaningfully address these arguments.  Plaintiffs CLRA claim should therefore be dismissed.

sf-3658583

**IV.    CONCLUSION**

For all these reasons, Ross respectfully requests that Plaintiffs' Second Amended Complaint be DISMISSED in its entirety.


Dated:  May 27, 2016                    MORRISON & FOERSTER LLP


                                         By:  _____/s/ David F. McDowell_____
                                                 DAVID F. MCDOWELL

                                              Attorneys for Defendant
                                              ROSS STORES, INC.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2016, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

Dated:  May 27, 2016                    MORRISON & FOERSTER LLP


By:     /s/ *David F. McDowell*
         DAVID F. MCDOWELL

Attorneys for Defendant
ROSS STORES, INC.