UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. CV-15-04701-MWF-AGR | | Date: June 17, 2016 |
| Title: Jose Jacobo, et al. -v- Ross Stores, Inc. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: DEFENDANT'S MOTION TO DISMISS [50]

Before the Court is Defendant Ross Stores, Inc.'s Motion to Dismiss Second Amended Complaint (the "Motion"), filed on April 14, 2016. (Docket No. 50). Plaintiffs submitted an Opposition to the Motion on May 23, 2016 (Docket No. 51), and Defendant's Reply followed on May 27, 2016 (Docket No. 52). The Court reviewed and considered the parties' submissions, and held a hearing on **June 13, 2016**.

The Motion is generally **DENIED**. Plaintiffs successfully allege that they were misled by Defendant's "Compare At" prices because those prices referred to similar, as opposed identical, items sold elsewhere. Plaintiffs' allegations are based not on speculation but on facts obtained during a pretrial investigation. Federal Rule of Civil Procedure 9(b) requires Plaintiffs to plead nothing more in these circumstances. It strikes the Court that the Motion is not so much a legal argument under Rule 12(b)(6) as kind of a discovery request for details of an investigation under Rule 11. Defendant can easily obtain the requested information through discovery, to the extent it is not work product.

The Motion is **GRANTED** *without leave to amend* as to Plaintiffs' claims under California Civil Code section 1770(a). The "Compare At" prices neither constitute misleading "price reductions" nor misrepresent some quality or characteristic of Defendant's goods. Plaintiffs' Opposition presents no arguments or authority to the contrary.

---

**CIVIL MINUTES—GENERAL** 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-04701-MWF-AGR				Date: June 17, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

The Motion is also **GRANTED** *without leave to amend* as to Plaintiffs' claims under the "unlawful" prong of California's Unfair Competition Law, but only to the extent those claims are based on violations of section 1770(a) or the Federal Trade Commission Act ("FTCA"). Plaintiffs state no plausible claims under either section 1770(a) or the FTCA.

## I.    BACKGROUND

A detailed summary of Plaintiffs' allegations is set forth in the Court's Order Granting Defendant's Motion to Dismiss First Amended Complaint ("Order dated February 23, 2016"; (Docket No. 45)). In short, Plaintiffs are patrons of Defendant's department stores that offer good bargains on a wide-variety of items. (Second Amended Complaint ("SAC") ¶ 7 (Docket No. 49)). Each of those items is displayed with two prices: a sale price and a "Compare At" price. (*Id.* ¶ 15). Although Plaintiffs allege that reasonable consumers interpret the "Compare At" price to represent the amount charged for an identical product at other stores, Defendant defines the term as referring to the "selling price of the same *or* similar product." (*Id.* ¶ 49). That unintuitive dual definition, Plaintiffs allege, mislead the buyers of Defendant's merchandise. (*Id.* ¶ 57).

Plaintiffs assert five claims for relief on behalf of themselves and a putative class. The first three claims are brought under the three prongs of California Unfair Competition Law ("UCL"): (1) unfair business practices; (2) fraudulent business practices; and (3) unlawful business practices. (*Id.* ¶¶ 188-210). The remaining two claims are asserted for violations of the California False Advertisement Law ("FAL") and the California Consumer Legal Remedies Act ("CLRA"). (*Id.* ¶¶ 210-31).

## II.    LEGAL STANDARD

In ruling on a motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-04701-MWF-AGR | Date: June 17, 2016 |
| Title: Jose Jacobo, et al. -v- Ross Stores, Inc. | |

omitted). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 679.

Both parties agree that the heightened pleading standard of Rule 9(b) applies to Plaintiffs' claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to these state-law causes of action [*i.e.*, false advertisement claims]."). To advance past the pleading stage, therefore, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "It is not enough . . . to simply claim that [an advertisement] is false—[the plaintiff] must allege facts showing *why* it is false." *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 974 (N.D. Cal. 2014) (emphasis in original); *see Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). "It is well settled that fraud allegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs.*, Inc., 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (internal quotation marks and citations omitted). Courts have therefore required the plaintiff to detail the "who, what, when, where, and how" of the charged misconduct, *Vess*, 317 F.3d at 1106, which generally involves conducting a "precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR					Date:  June 17, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

### III.  DISCUSSION

#### A.  Sufficiency of Plaintiffs' Allegations under Rule 9(b)

To state a viable claim under California's false advertisement laws, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer.  *See Williams*, 552 F.3d at 938 (stating that California's false advertising laws provide relief only when advertisements could deceive a reasonable consumer).  False advertisement laws prohibit "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'"  *Id.* (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 119 Cal. Rptr. 2d 296 (2002)).  Whether Plaintiffs have pleaded sufficient facts to show that they were actually deceived is the central issue on this Motion.

This is not the first time the Court is asked to determine the sufficiency of Plaintiffs' allegations.  In ruling on Defendant's Motion to Dismiss the First Amended Complaint, the Court held that Plaintiffs failed to plead with particularity the "falsity" element of their claims.  (Order dated February 23, 2016 at 6-9).  In reaching that conclusion, the Court accepted as true that reasonable consumers, including Plaintiffs, interpreted the "Compare At" prices advertised in Defendant's stores to refer to identical, as opposed to "similar," items sold by other merchants.  (*Id.* at 15).  No allegations indicated, however, that the products Plaintiffs purchased were not, in fact, sold elsewhere at the "Compare At" prices.  (*Id.* at 8).  The Court provided Plaintiffs an opportunity to cure those deficiencies, directing them as follows:

> To comply with *Williams* and Rule 9(b), Plaintiffs could therefore make one of two factual allegations.  First, Plaintiffs could plead that the items they purchased were sold at other stores in the area for prices lower than Defendant's "Compare At" prices.  This allegation should not be made "on information and belief" but should be based on specific facts, such as the exact prices of identical goods offered for sale by other merchants. Alternatively, Plaintiffs could plead that identical items could not be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR	Date:  June 17, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

> found at other stores in the area, indicating that Defendant's "Compare At" prices misleadingly referred to "similar" items. Such allegations would be sufficient to show that Plaintiffs were actually deceived when they interpreted "Compare At" prices as representing prices charged for identical goods.

(*Id.* at 8-9).

Plaintiffs chose the latter option. The SAC alleges that a "pre-lawsuit investigation of other brick and mortar stores in Southern California, as well as online [shops]" revealed that no other retailer offers for sale the items Plaintiffs purchased from Defendant's stores. (SAC ¶¶ 139, 159). But competitors do carry similar items at the same (or even lower) prices as the "Compare At" prices Defendant advertised. (*Id.* ¶¶ 140, 159-60). Based on such observations, Plaintiffs allege that the "Compare At" advertisements referred to similar and not identical goods. (*Id.* ¶¶ 142, 162).

These allegations are sufficient to cure the deficiencies identified in the Court's prior ruling. Plaintiffs now fully articulate their theory of liability and specify precisely how Defendant's "Compare At" prices were misleading. The allegations, it is important to emphasize, are not based on mere speculation but on solid facts discovered during a pretrial investigation. Plaintiffs have complied with Rule 9(b) in these circumstances. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice . . . ; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing . . . enormous social and economic costs absent some factual basis.") (internal quotation marks, citations, and alterations omitted).

The Court's conclusion is bolstered by a recent decision in *Sperling v. Stein Mart*, 2:15-CV-01411-BRO-KKx (C.D. Cal. Mar. 15, 2016). The district court in *Sperling* was confronted with the same issue on exceptionally similar facts. Here is what it held:

---

**CIVIL MINUTES—GENERAL**	5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                     Date:  June 17, 2016
Title:      Jose Jacobo, et al. -*v*- Ross Stores, Inc.

> Previously, this Court found that Plaintiff failed to plead her claims with particularity under Rule 9(b). The Court explained that "the SAC [did] not allege with particularity that other retail stores did not sell identical products at the 'Compare At' price." The TAC provides an allegation to correct this deficiency; Plaintiff asserts that Defendant is the exclusive retailer of Peck & Peck pants, and "no retailer other than Defendant sells or has sold Peck & Peck pants at the 'Compare At' price advertised by Defendant or at any other price." . . . . As such, the Court finds that Plaintiff sufficiently alleges that Defendant's "Compare At" pricing is likely to mislead a reasonable consumer into believing that the "Compare At" price reflects the price of an identical item.

Order Denying Motion to Dismiss at 9-10, *Sperling*, No. CV 15-1411-BRO-KKx (C.D. Cal. Mar. 15, 2016) (citations omitted). The Court sees no reason to deviate from the district court's well-reasoned conclusion.

In arguing to the contrary, Defendant attempts to raise the pleading standard of Rule 9(b) to unprecedented heights. Defendant would have the Court force Plaintiffs to specify (1) which stores and websites were investigated; (2) who conducted the investigation; (3) in what manner the investigation was conducted; and (4) whether Defendant was still selling the products Plaintiffs purchased at the time of the investigation. (Motion at 15). But no authority requires Plaintiffs to include that information in the pleadings; arguably that level of evidentiary detail would be improper, even under Rule 9(b). The SAC already sets forth detailed factual allegations that provide Defendant with adequate notice of the claims asserted against it—Rule 9(b) requires no more. If Defendant wishes to obtain additional information regarding Plaintiffs' investigation, it must do so in discovery, not during the pleading stage.

Defendant next points to two allegations in the SAC indicating that the "Compare At" prices of the items Plaintiffs purchased may have referred to identical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR                Date:  June 17, 2016
Title:     Jose Jacobo, et al. -v- Ross Stores, Inc.

and not similar products sold in other stores.  (Motion at 15 (citing SAC ¶¶ 156, 176)).  But interpreting the SAC in light most favorable to Plaintiffs, as the Court must, these general statements must give way to dozens of paragraphs in the SAC that leave no doubt about Plaintiffs' primary theory of liability.  (*See* SAC ¶¶ 136-70).  The Court therefore accepts as true that the "Compare At" prices referred to similar items because no identical items were offered for sale elsewhere.

Defendant also spends several pages arguing that its alleged "concealment" of the true meaning of the "Compare At" prices does not give rise to an actionable claim for omission.  (Motion at 16-18).  The Court does not interpret Plaintiffs' allegations, however, as stating a separate claim based on some nondisclosure of material facts.  Rather, Plaintiffs simply allege that Defendant's failure to define the term "Compare At" on the price tags of its merchandise misled consumers into believing that Defendant was comparing the prices of identical items.  (*See, e.g.,* SAC ¶¶ 63, 83).  Plaintiffs' claims, therefore, are based not on omissions but on alleged affirmative misrepresentations.

Finally, Defendant contends that no allegations make it plausible that Defendant knew or should have known that its definition of "Compare At" was misleading to consumers.  (Motion at 20); *see Goldsmith v. Allergan, Inc.*, No. CV 09-7088-PSG-EX, 2011 WL 2909313, at *2 (C.D. Cal. May 25, 2011) ("To state a claim for false advertising, a plaintiff must allege that . . . the defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.") (citing *People v. Lynam*, 253 Cal.App.2d 959, 965, 61 Cal. Rptr. 800 (1967)).  But if Plaintiffs' understanding of the term was reasonable—and the Court must assume that it was—it is certainly plausible that Defendant should have known its advertisements were misleading.

In sum, the SAC successfully alleges that Plaintiffs were misled by Defendant's "Compare At" prices.  Accordingly, the Motion is **DENIED** to the extent it seeks dismissal of Plaintiffs' claims due to the purported deficiencies under Rule 9(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR					Date:  June 17, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

### B. Claims for Violations of the CLRA

Plaintiffs allege that Defendant violated California Civil Code sections 1770(a)(5), (7), and (13) by misrepresenting the meaning of "Compare At" prices. (SAC ¶ 249). Sections 1770(a)(5) and (7) prohibit advertisements that misrepresent some quality or characteristic of the advertised goods, while section 1770(a)(13) forbids misleading statements regarding the "reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(5), (7), (13). Despite Plaintiffs' conclusory allegations, it is implausible that Defendant violated any of these provisions.

As to sections 1770(a)(5) and (7), Defendant's comparative prices simply do not pertain to "characteristics," "ingredients," "quality," or "model" of the advertised goods. Rather, according to the SAC, the "Compare At" prices concern the value of "similar" products sold elsewhere. Misrepresentations regarding the value of similar goods are not encompassed by the plain language of sections 1770(a)(5) and (7). Plaintiffs sensibly did not argue otherwise at the hearing or in their papers.

As to section 1770(a)(13), the Court finds it implausible that Defendant's "Compare At" prices can be characterized as "price reductions." Although Plaintiffs challenged the Court's conclusion at the hearing, they failed to present (nor could the Court find) any authority to support their contention. Indeed, Plaintiffs themselves allege that the "Compare At" prices represent not the prices Defendant previously charged for the same goods but the prices that other merchants currently charge for similar goods. Consequently, the "Compare At" prices cannot constitute "price reductions" under any reasonable interpretation of that phrase.

Accordingly, the Motion is **GRANTED** *without leave to amend* as to Plaintiffs' claims under California Civil Code section 1770(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-04701-MWF-AGR						Date:  June 17, 2016
Title:	Jose Jacobo, et al. -v- Ross Stores, Inc.

### C. Claims under the "Unlawful" Prong of the UCL

Plaintiffs' claims under the "unlawful" prong of the UCL are based, in part, on alleged violations of section 1770(a) and the FTCA.  (SAC ¶ 228).  To the extent it is the former, Plaintiffs' claims fail for the reasons discussed in the preceding section.  To the extent it is the latter, Plaintiffs' claims fail because the FTCA does not create a private right of action.  *See Flood v. Nat'l Football League*, No. 2:08-cv-0091-GEB-JFM-PS, 2009 WL 86577, at *2 (E.D. Cal. Jan. 8, 2009) ("Plaintiff's claims under the Federal Trade Commission Act also fail because that Act confers no private right of action."); *O'Donnell v. Bank of Am. Nat'l Ass'n,* 504 F. App'x 566, 568 (9th Cir. 2013) ("The [FTCA] doesn't create a private right of action, and plaintiffs can't use California [unfair competition] law to engineer one.") (citations omitted).

The Court notes that Plaintiffs' claims under the "unlawful" prong of the UCL are also based on the alleged violations of the FAL.  (*See* SAC ¶ 228).  Because Plaintiffs state a plausible claim for relief under the FAL, the Court cannot completely dismiss their claim under the UCL at this time.

Accordingly, the Motion is **GRANTED** *without leave to amend* insofar as it seeks dismissal of Plaintiffs' UCL claims predicated on violations of section 1770(a) and the FTCA.

### IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** *in part without leave to amend* and **DENIED** *in part*.  Defendant shall file an Answer to the remaining portions of the SAC on or before **July 5, 2016**.

IT IS SO ORDERED.