Name Douglas Caiafa, Esq. (SBN107747)
Address 11845 W. Olympic Blvd., Suite 1245
City, State, Zip Los Angeles, CA 90064
Phone (310) 444-5240
Fax (310) 312-8260
E-Mail dcaiafa@caiafalaw.com

☐ FPD ☐ Appointed ☐ CJA ☐ Pro Per ☒ Retained

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE JACOBO, an individual; and THERESA METOYER, an individual; etc.<br>PLAINTIFF(S),<br>v.<br>ROSS STORES, INC. a Delaware Corporation; etc.<br>DEFENDANT(S). | CASE NUMBER:<br>CV 15-04701 MWF AGR<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that JOSE JACOBO and THERESA METOYER hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
August 2, 2017 Order Granting Summary Judgment for Defendant

☒ Judgment (specify):
August 2, 2017 Judgment Granting Summary Judgment for Defendant

☐ Other (specify):

Imposed or Filed on ____________________. Entered on the docket in this action on ____________________.

A copy of said judgment or order is attached hereto.

August 15, 2017
Date

Signature
☐ Appellant/ProSe ☒ Counsel for Appellant ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

**REPRESENTATION STATEMENT**

Plaintiffs/Appellants, Jose Jacobo and Theresa Metoyer, individually, and on behalf of all others similarly situated, are represented by the following attorneys:

Douglas Caiafa, Esq. (SBN 107747)
DOUGLAS CAIAFA, A Professional Law Corporation
11845 West Olympic Boulevard, Suite 1245
Los Angeles, California 90064
(310) 444-5240 - phone; (310) 312-8260 - fax
dcaiafa@caiafalaw.com

Christopher J. Morosoff, Esq. (SBN 200465)
LAW OFFICE OF CHRISTOPHER J. MOROSOFF
77-760 Country Club Drive, Suite G
Palm Desert, California 92211
(760) 469-5986 - phone; (760) 345-1581 - fax
cjmorosoff@morosofflaw.com

Defendant ROSS STORES, INC., a Delaware Corporation, is represented by the following attorneys:

David F. McDowell, Esq. (SBN 125806)
DmcDowell@mofo.com
Matthew J. Cave, Esq. (SBN 280704)
Mcave@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Blvd.
Los Angeles, CA 90017-3543
(213) 892-5200 - phone; (213) 892-5454 - Fax

**Proof of Service**

*Jose Jacobo et al. v. ROSS STORES, INC. etc.*
CASE NO. CV 15-04701-MWF-AGR

I, the undersigned, declare under penalty of perjury that I am employed in the County of Los Angeles, State of California and that I am over the age of 18 and not a party to the within action; my business address is 11845 W. Olympic Blvd., Suite 1245, Los Angeles, CA 90054-5095.

That on August 15, 2017 I served a true and correct copy of the following document on all INTERESTED PARTIES in the action:

**NOTICE OF APPEAL**

___ the original

___ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. (Via email by agreement to

___ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

__X_ (BY CM/ECF) I caused such document to be served via the Court's electronic filing system on all registered parties.

_X__ (Federal) I certify that I am a member of the Bar of the United States District Court, Central District of California.

Executed on August 15, 2017, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Douglas Caiafa*
Douglas Caiafa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE MOTION FOR SUMMARY JUDGMENT AND MOTION TO CERTIFY CLASS [99] [103] [107]

Before the Court are two motions. On May 26, 2017, Defendant Ross Stores, Inc. ("Ross") filed a Motion for Summary Judgment or, in the Alternative, Summary Adjudication (the "Summary Judgment Motion"). (Docket No. 99; a sealed, unredacted version was filed at Docket No. 107). Putative Lead Plaintiffs Jose Jacobo and Theresa Metoyer filed their Opposition on June 5, 2017 (Docket No. 112). Ross' Reply followed on June 12, 2017 (Docket No. 113).

On May 26, 2017, Plaintiffs filed a Motion for Class Certification. (Docket No. 103). Ross filed a redacted Opposition on June 5, 2017. (Docket No. 109; a sealed, unredacted version was filed at Docket No. 117). Plaintiffs replied on June 12, 2017. (Docket No. 114). On June 16, 2017, Ross filed a Notice of Supplemental Authority regarding the Motion for Class Certification (Docket No. 118), to which Plaintiffs filed an Objection on June 22, 2017 (Docket No. 122).

The Court reviewed and considered the parties' submissions, and held a hearing on **June 29, 2017**.

The Summary Judgment Motion is **GRANTED**. Plaintiffs never relied on Ross' Comparable Value price tags, and thus lack standing under California law to pursue any claims stemming from Ross' use of that phrase. Plaintiffs may have met the minimal burden under California law to show that a reasonable consumer would have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

been deceived by Ross' use of the term "Compare At" on its price tags. But even so, Plaintiffs fail to show that they suffered economic harm as a result, and their claim for injunctive relief is mooted by Ross' adoption of the Comparable Value tags.

The Motion for Class Certification is **DENIED** ***as moot.***

## I. BACKGROUND

The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor."). Often, the parties have agreed to rely on the allegations contained in the operative complaint; in those instances, the Court refers to the pleadings. The Court notes any relevant disputes below.

Plaintiffs are patrons of Ross' department stores, which purport to offer good bargains on a wide variety of items. (Second Amended Complaint ("SAC") ¶ 7 (Docket No. 49)). Each of those items is displayed with two prices: a sale price and an "advertised reference price." (*Id.* ¶ 15). At the time the Complaint was filed, the advertised reference price was denoted by the phrase "Compare At"; since then, Ross changed the designation to "Comparable Value." (Mot. at 15 n.8; Opp. at 1 n.1).

Plaintiffs contend that a reasonable consumer would interpret the advertised reference price to refer only to the amount charged for an identical product at a "regular price" department store. (SAC ¶¶ 50–52). In reality, the advertised reference price refers to the price of the same *or* a similar product. (Plaintiffs' Statement of Genuine Issues of Material Fact ("SGI") No. 43 (Docket No. 112-1)). What counts as a "similar product" is defined in Ross' training materials for its buyers, but is not defined in Ross' promotional materials for customers. (Ross' Separate Statement of Uncontroverted Facts and Conclusions of Law ("SUF") Nos. 8–9 (Docket No. 107-1); SGI No. 41). Ross agrees that its customers "cannot tell whether the items they purchased with Compare At prices were compared to the same or similar items sold by

CIVIL MINUTES—GENERAL 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

other retailers." (SGI No. 48, Motion to Deny Class Certification at 10 (Docket No. 76)).

Plaintiffs contend that because the advertised reference price may refer to the same or a similar product, the advertised reference price misleads Ross' customers into thinking they are getting a better deal on Ross' products than they really are. (SAC ¶¶ 66–68; SGI Nos. 54, 58). Plaintiffs point to no evidence in support of this theory aside from their own declarations. (*See id.*). Ross, of course, disputes Plaintiffs' contention. Plaintiffs have not personally investigated the prices at which other retailers sell the merchandise they purchased, and declined to provide the details of their attorneys' investigation in discovery. (SUF Nos. 22–23; Cave Decl., Ex. B at 140:14–146:3).

Five of Plaintiffs' claims for relief, asserted on behalf of themselves and a putative class, now survive. The first three claims are brought under the California Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*: (1) unfair business practices; (2) fraudulent business practices; and (3) unlawful business practices, to the extent that those business practices violate the California False Advertisement Law ("FAL"), California Business & Professions Code § 17500 *et seq*. (SAC ¶¶ 206–30). The remaining two claims are asserted directly under the FAL. (*Id.* ¶¶ 231–41). Previously, on June 17, 2016, the Court dismissed without leave to amend Plaintiffs' claim under the "unlawful" prong of the UCL, to the extent that the claims were based on violations of California's Consumer Legal Remedies Act, California Civil Code section 1770(a), and the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 41 *et seq*. (Order Re: Defendant's Motion to Dismiss ("Second MTD Order") at 9 (Docket No. 56)).

## II. LEGAL STANDARD

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson*, 477 U.S. at 242; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as

CIVIL MINUTES—GENERAL 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where[, as here,] the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). Under the prevailing California substantive law, Plaintiffs fail to meet their burden.

## III. DISCUSSION

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law (§ 17500, et seq.)]." Cal. Bus. & Prof. Code § 17200. Conduct is "fraudulent" under the UCL if the conduct is "likely to deceive." *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254, 99 Cal. Rptr. 3d 768 (2009). A claim under the fraudulent prong of the UCL is governed by the "reasonable consumer" standard, which requires the plaintiff to "show that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "A true representation can mislead a reasonable consumer if it is actually

CIVIL MINUTES—GENERAL 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

misleading or has the capacity, likelihood or tendency to deceive or confuse members of the public." *Anderson v. The Hain Celestial Grp., Inc.*, 87 F. Supp. 3d 1226, 1236 (N.D. Cal. 2015).

The California Supreme Court has made clear that for claims under the UCL's fraudulent prong, a plaintiff must allege "actual reliance" upon a defendant's misrepresentation or omission in order to establish standing. *See In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *8 (N.D. Cal. Nov. 6, 2009); *In re Tobacco II Cases*, 46 Cal. 4th 298, 326, 93 Cal. Rptr. 3d 559 (2009) (holding that the "as a result of" language in the UCL "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong."). Reliance can be established by showing that but for the defendant's fraudulent conduct, "the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct." *In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *8. That requirement, however, "does not apply to absent class members." *Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282, 287 (C.D. Cal. 2011) (citing *In re Tobacco II Cases*, 46 Cal. 4th at 321, 326); *see also In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154, 104 Cal. Rptr. 3d 329 (2010) (explaining that once the named plaintiff meets standing requirements "no further individualized proof of injury or causation is required to impose restitution liability [under the UCL] against the defendant in favor of absent class members").

Plaintiffs have presented precious little evidence from which a jury could conclude that the phrase is deceptive or misleading. Plaintiffs rely heavily on the Federal Trade Commission ("FTC") Pricing Guidelines, 16 C.F.R. § 233.2, to contend that Ross' pricing scheme was false or deceptive. (Opp. at 8 (citing *Rubenstein v. Neiman Marcus Group LLC*, No. 15-55890, 2017 WL 1381147 (9th Cir. Apr. 18, 2017) (evaluating sufficiency of the plaintiff's claims on a Rule 12(b)(6) motion, rather than a motion for summary judgment)). This argument is not available, however, because the Court previously dismissed their claims under the "unlawful" prong of the UCL, except inasmuch as Plaintiffs allege a violation of the FAL. (*See* Second MTD Order at 9).

CIVIL MINUTES—GENERAL 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

At the hearing, Plaintiffs disputed this interpretation of the Second MTD Order; Plaintiffs are directed to review Section III.C, "Claims Under the 'Unlawful' Prong of the UCL," at page nine of the Order, which states that Plaintiffs' claims under the FTC Act "fail because the [FTC Act] does not create a private right of action." (*Id.* at 9). Therefore, rather than determining whether Ross' pricing scheme violates the FTC Pricing Guidelines, then, the Court focuses on whether there is a genuine issue of material fact as to whether the scheme was likely to deceive reasonable consumers under the surviving prongs of the UCL and FAL.

The FAL makes it unlawful for a business to "disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .'" Cal. Bus. & Prof. Code § 17500. "The law encompasses not just false statements but those statements 'which may be accurate on some level, but will nonetheless tend to mislead or deceive . . . . A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under these sections.'" *Arizona Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 74 Cal. Rptr. 2d 55 (1998)).

Because Plaintiffs have presented evidence to support their contention that Ross' explanation of the advertised reference price "is buried on [Ross'] website or out of plain view on a sign in its stores, and . . . is not placed anywhere near the price tags themselves" (e.g., SGI No. 41), the Court disregards statements on Ross' website or signs, and focuses solely on whether the terms "Compare At" and "Comparable Value," are sufficient without any additional evidentiary support to raise a genuine issue of material fact as to deception.

Ross challenges Plaintiffs' standing to pursue their claims under the FAL and the UCL. In 2004, California voters passed Proposition 64, which substantially narrowed the UCL's and the FAL's standing requirements. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320, 120 Cal. Rptr. 3d 741 (2011). "To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss

CIVIL MINUTES—GENERAL 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**
Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 322.

Under the foregoing test, Plaintiffs plainly lack standing to challenge Ross' use of the phrase "Comparable Value." Plaintiffs have presented no evidence to show that they actually relied on the phrase when purchasing the items at issue in this action, or that they suffered any economic injury as a result of its use. Rather, the undisputed evidence is that Ross began to use the phrase "Comparable Value" on its price tags ***after*** the action was filed. Plaintiffs present no evidence that they purchased any items subsequent to filing their Complaint, and even if they did it would be difficult to show reliance, given that Plaintiffs had by that point been made aware of the dual meaning behind Ross' price tags. *See, e.g., In re Firearm Cases*, 126 Cal. App. 4th 959, 978–79, 24 Cal. Rptr. 3d 659 (2005) ("Because the acts of the lender did not deceive the borrowers, causation was absent and the practice could not be deemed unfair."); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948–49 (S.D. Cal. 2007) (granting summary judgment for lack of standing where plaintiffs knew scheme was deceptive and made only "token purchse[s]" to establish harm). Accordingly, the Court **GRANTS** summary judgment as to any claims relating to the use of the "Comparable Value" designation.

Ross' use of the phrase "Compare At," presents a closer question. "Whether an advertisement is 'misleading' must be judged by the effect it would have on a reasonable consumer." *Davis*, 691 F.3d at 1161 (citing to, *inter alia*, *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506, 129 Cal. Rptr. 2d 486 (2003) ("[U]nless the advertisement targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.")). Here, Plaintiffs contend that a reasonable consumer would expect the phrase "Compare At" to refer ***only*** to an identical item sold at (possibly multiple) other stores at the exact advertised reference price. (Opp. at 8). Therefore, Plaintiffs say, the fact that the phrase "Compare At" may instead refer to "other similar merchandise" is misleading. (*Id.*).

CIVIL MINUTES—GENERAL 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

In support of this theory, Plaintiffs point to their own declarations. Jacobo avers that when he purchased items from Ross, he was "unaware of Defendant's definition or interpretation of the 'Compare At' price and believed it was a comparison to an identical product." (Declaration of Jose Jacobo ("Jacobo Decl.") ¶ 8 (Docket No. 112-16)). Metoyer avers that when she "purchased merchandise from [Ross she] thought that the 'Compare At' price was supposed to represent identical items sold at other retailers in California for the 'Compare At' price." (Declaration of Theresa Metoyer ("Metoyer Decl.") ¶ 14 (Docket No. 112-17)). Plaintiffs do not identify any other evidence in support of their theory of deception. Instead, in Plaintiffs' view, "[t]he question whether consumers are likely to be deceived is [intrinsically] a question of fact." (Opp. at 11 (quoting *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 227, 162 Cal. Rptr. 3d 864 (2013)).

Under the district court's decision in *Rahman v. Mott's LLP*, No. CV 13-3482-SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014), the Court questions whether this is sufficient to raise a genuine issue of material fact as to deceptiveness. There, the court considered whether the "No Sugar Added" labeling on Mott's Original 100% Apple Juice was likely to mislead a reasonable consumer that the sugar content of Mott's apple juice was lower than that of its competitors. *Id.* at *1. This theory survived a motion to dismiss, but the court determined that on summary judgment it was unsustainable without further evidentiary support. *Id.* at *10.

The court explained that "[c]ourts have taken divergent approaches in describing the burden a plaintiff must meet at the summary judgment stage in order to show a likelihood that a reasonable consumer would be deceived." *Id.* at *8; *see also id.* *8 n.5 (quoting *Johns v. Bayer Corp.*, 09CV1935 AJB DHB, 2013 WL 1498965 (S.D. Cal. Apr. 10, 2013) ("[C]ase law is less than clear as to what a private plaintiff needs to prove to successfully litigate a cause of action alleging misleading or deceptive practices" under the UCL and CLRA)). Some courts have found that a plaintiff cannot meet its burden on summary judgment without introducing extrinsic evidence like customer surveys, expert studies, and the like. *Rahman*, 2014 WL 5282106 at *8; *see also Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1407 (E.D.Cal.1997) (requiring that to

CIVIL MINUTES—GENERAL 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

survive summary judgment "plaintiff must demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers."). Others, the *Rahman* court explained, find that the advertisement can speak for itself; if "reasonable minds could differ" on the question of deception, that is sufficient to raise a genuine issue of fact for trial. *Rahman*, 2014 WL 5282106 at *9 (quoting *Miletak v. Allstate Ins. Co.*, C 06–03778 JW, 2010 WL 809579 (N.D. Cal. Mar. 5, 2010)).

The *Rahman* court concluded that under either standard, the plaintiff had not met its burden to show a reasonable probability of deception. *Id.* "While [the plaintiff] contends that he was misled by the 'No Sugar Added' statement he also readily conceded on numerous occasions throughout his testimony that he would have no way of knowing whether other consumers were similarly deceived, or more generally, what information they relied on when purchasing Mott's 100% Apple Juice." *Id.* Moreover, any deceptiveness in the statement was not self-evident from the advertisement itself, because the phrase "No Sugar Added" was literally true. *Id.* "The testimony of a single consumer in a putative class of potentially millions is not enough to meet" the plaintiff's burden on summary judgment. *Id.*

This action presents a similar problem. Like the plaintiff in *Rahman*, Plaintiffs here have explicitly disclaimed any knowledge (beyond sheer speculation) of how other class members are likely to interpret the label. (SUF Nos. 24–25; *see also* Declaration of Matthew J. Cave ("Cave Decl."), Ex. A at 93:12–19 (Docket No. 100-1) ("**Q:** So is the only basis for your understanding of what compare at prices mean your own reading of the phrase "compare at" and your interpretation of that? **A:** Yes."), Ex. B at 92:20–93:19 (Docket No. 100-2)). Nor is the phrase "Compare At" obviously false or misleading on its face. Although the label implies (without saying so directly) that Ross' prices compare favorably to other retailers, Plaintiffs suggest the labels go a step further, and affirmatively imply that the prices compare favorably to other retailers' prices for the ***exact same merchandise***. But Plaintiffs spoke to no other potential class members about whether their interpretation is shared by anyone besides

CIVIL MINUTES—GENERAL 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

themselves, and do not offer any evidence except their own declarations and the price tags themselves in support of their theory.

California courts have cautioned that the phrase "'[l]ikely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie*, 105 Cal. App. 4th at 508. "Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (approving use of "reasonable consumer" standard in false advertising actions). On the other hand, California courts since *Lavie* have indicated their displeasure with the federal courts' more rigorous approach to the evidentiary question of reasonableness. *See, e.g.*, *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 681–82, 38 Cal. Rptr. 3d 36 (2006) (distinguishing federal cases favoring extrinsic evidence and clarifying that "[t]o prevail on a false advertising claim, a plaintiff need only show that members of the public are likely to be deceived"); *Brockey v. Moore*, 107 Cal. App. 4th 86, 100, 131 Cal. Rptr. 2d 746, 756 (2003) (distinguishing same federal cases and emphasizing that "the primary evidence in a false advertising case is the advertising itself"). If pressed, the Court would probably conclude under *Rahman* and *Lavie* that Plaintiffs have failed to raise a genuine issue of fact as to deception. But it is a close question, and in our federal system, when the question of reasonableness is a close one, it is generally preferable to err in favor of letting a jury sort things out.

Even assuming, however, that under the relevant California authorities Plaintiffs have met their burden to show a reasonable likelihood of deception, Plaintiffs still fail to show economic harm. Plaintiffs make no argument and present no evidence that they are entitled to economic damages. (*See* Opp. at 11–13 (asserting without support that "Plaintiffs have presented evidence that . . . they have suffered economic injury as a result of [Ross'] unlawful . . . advertising"); Jacobo Decl. ¶ 13 (stating "I now believe I have lost value and money as a result of [Ross'] deceptive advertising" without submitting an actual dollar amount or other means of measuring the "value and money" that Plaintiff apparently believes he has lost)). Nor are they likely to succeed

CIVIL MINUTES—GENERAL 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

on such an argument in any case. *See Stathakos v. Columbia Sportswear Co.*, No. CV 15-04543-YGR, 2017 WL 1957063, at *10–13 (N.D. Cal May 11, 2017) (dismissing three models of restitution previously proposed by Plaintiffs as barred under California law). Having failed to present any genuine issues of material fact regarding economic harm, or any workable restitution model, Plaintiffs lack standing under California law to pursue their Compare At claims.

At the hearing, Plaintiffs argued that *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106–07 (9th Cir. 2013), compels a contrary result. In the Court's first Order Granting Defendant's Motion to Dismiss ("First MTD Order"), the Court addressed *Hinojos*. (Docket No. 45 at 11–12). Plaintiff alleged that Ross' pricing scheme, like the pricing scheme in *Hinojos*, led them to believe that the merchandise cost less than its value. (First MTD Order at 11). Under *Hinojos*, "when a consumer purchases merchandise on the basis of false price information . . . he [or she] has standing to sue under the UCL and FAL because he suffered an economic injury." (*Id.* (quoting *Hinojos*, 718 F.3d at 1107)). The pending motion to dismiss was denied because Plaintiffs adequately alleged their economic injury for standing purposes.

But the standard of proof on a motion for summary judgment is higher. It is not enough to aver vaguely that Plaintiffs were injured by their purchase. (*See* Jacobo Decl. ¶ 13). It is Plaintiffs' burden to provide some evidence from which a jury could conclude that the merchandise Plaintiffs actually purchased was not worth as much as Ross claimed it was. Although Plaintiffs both testified that their attorneys conducted pre-lawsuit investigations to verify that fact, Plaintiffs were not themselves involved in the investigation and refused to disclose (on grounds of attorney-client privilege) the details of those investigations their attorneys had disclosed to them. (*See, e.g.*, Cave Decl., Ex. B at 140:14–146:3). Plaintiffs are thus not entitled to rely on the investigation in support of their Opposition. *See, e.g.*, *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming district court's exclusion of evidence of the defendant's reliance on the advice of counsel, because the defendant "refused to answer questions regarding his interactions with counsel at his deposition"). Plaintiffs have not submitted any other

CIVIL MINUTES—GENERAL 11

Case 2:15-cv-04701-MWF-AGR Document 125 Filed 08/02/17 Page 12 of 13 Page ID #:3309

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

basis from which a jury could conclude that Ross' pricing scheme caused Plaintiffs economic harm.

At the hearing, Plaintiffs argued that *Hinojos* and the First MTD Order require a different result. But both were decided on a motion to dismiss, and thus say nothing about Plaintiffs' evidentiary burden on summary judgment. In other words, the Court previously agreed that Plaintiffs' claims were legally ***plausible***. Now, Plaintiffs must do more: Plaintiffs must show that they could prove their claims via admissible evidence at trial. *See generally*, *Stathakos*, 2017 WL 1957063, at *10–13. Because Plaintiffs have submitted no evidence that would permit a jury to rule in their favor on the issue of economic harm, the Motion is **GRANTED**.

Plaintiffs also contend that they are entitled to seek injunctive relief. (Opp. at 11–13). But standing is a prerequisite to pursuing any form of relief, including injunctive relief. Plaintiffs' failure to support their claims of economic harm means they lack standing to pursue any other form of relief, as well.

Moreover, Plaintiffs' claims for injunctive relief are premised on Ross' use of the phrase "Compare At." They are thus moot, as both parties agree that Ross no longer uses that phrase on any of its price tags. Nor does the voluntary cessation doctrine prevent a finding of mootness. Having gone through the trouble and expense of changing its price tags once, Ross is highly unlikely to revert back to its use of "Compare At" once the action is concluded. *See Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (explaining voluntary cessation doctrine does not apply where "there is no basis to suggest" that a policy change is merely "a transitory litigation posture"). Counsel for Ross affirmed at the hearing that Ross has changing the phrase back to the original would be fiscally impractical at this point. Plaintiffs cannot seek to enjoin the use of a phrase that has already been abandoned.

At the hearing, Plaintiffs asked the Court to review the decision of the California Court of Appeal in *People v. Overstock.com, Inc.*, No. A141613, 2017 WL 2391814 (Cal. Ct. App. June 2, 2017). The Court has read and reviewed the decision, which declined to find moot a claim for injunctive relief in a very similar set of

CIVIL MINUTES—GENERAL 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-15-04701-MWF-AGR** **Date: August 2, 2017**

Title: Jose Jacobo, et al. -*v*- Ross Stores, Inc.

circumstances. But mootness is a question of federal, not state, law, and the Court does not find the reasoning of *Overstock* persuasive her. Applying the federal voluntary cessation standard as described above, the Court is convinced that the claim for injunctive relief is ***moot***.

Because the Court has granted the Summary Judgment Motion, the Motion for Class Certification is also **DENIED *as moot***.

## IV. CONCLUSION

For the foregoing reasons, the Summary Judgment Motion is **GRANTED**, and the Motion for Class Certification is **DENIED *as moot***.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.

CIVIL MINUTES—GENERAL 13