JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JACOBO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROSS STORES, INC., et al., <br><br> Defendants. | Case No. 2:15-cv-04701-MWF-AGRx <br><br> **CLASS ACTION** <br><br> **ORDER AND JUDGMENT:** <br>**(1) CONFIRMING CERTIFICATION OF SETTLEMENT CLASS** <br>**(2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br>**(3) APPROVING CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS** <br>**(4) AWARDING CLASS COUNSEL FEES AND COSTS** <br>**(5) APPROVING SETTLEMENT ADMINISTRATOR FEES** <br>**(6) ENTERING FINAL JUDGMENT** |

This matter has come before the Court pursuant to Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Plaintiffs' Motion for Attorneys' Fees and Costs, Costs of Administration, and Representative Enhancement Payments (ECF Doc. No. 141) ("Motion for Attorneys' Fee") (collectively the "Motions"). The Court has considered the Motions, their accompanying memoranda and declarations, and the Settlement Agreement. The Court determines that the Settlement is fair, reasonable and adequate. Adequate notice of the Settlement was provided to the Settlement Class in compliance with due process.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED**:

1. The Court has jurisdiction over this action and the Parties' Proposed Settlement under 28. U.S.C. §§ 1332(d) and 1453 pursuant to the Class Action Fairness Act since the amount in controversy exceeds $5,000,000 and because of the complete diversity between Plaintiffs and Defendant.
2. For the reasons stated in the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (ECF Doc. No. 138) ("Preliminary Approval Order"), the Court finds that the action meets all the requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.
3. The Parties' Settlement Agreement ("SA") (attached as Exhibit A to the Declaration Douglas Caiafa) is granted final approval as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arms- length and informed negotiation, and to treat all Class Members fairly.

4. Notice to Class Members of the Settlement as described in the SA and the Preliminary Approval Order, including the Summary Notice, online and mobile media notice, and Publication Notice, were sufficient to inform Class Members of the terms of the Settlement; their rights under the Settlement; their rights to object to the Settlement; their right to receive a Merchandise Certificate with a cash option, or elect not to participate in the Settlement; the processes for receiving a Merchandise Certificate with a cash option, electing not to participate in the Settlement, or objecting to the Settlement; and the date and location of the final approval hearing. Therefore, the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable.

5. Class Members were provided with the opportunity to comment on, or object to the Settlement, as well as to elect not to participate in the Settlement. No valid or timely objections were filed by any Class Member, and only 2 Class Members elected to not participate in the Settlement.

6. CPT is awarded $630,250 for their services as Settlement Administrator, pursuant to the terms set forth in the SA.

7. Class Representatives Jose Jacobo and Theresa Metoyer are each awarded the sum of $5,000 as a Class Representative Enhancement Payment pursuant to the terms set forth in the SA.

8. Class Counsel is awarded $1,213,500, as attorneys' fees, and $19,750 as costs, pursuant to the terms set forth in the SA.

9. By means of this Final Order and Judgment, this Court hereby enters Final Judgment in this action, as defined in Rule 54, Federal Rules of Civil Procedure.

10. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the SA and this Final Order and Judgment.

11. The Court hereby reserves its exclusive, general and continuing jurisdiction over the SA as needed or appropriate in order to administer, supervise, implement, interpret or enforce the Settlement in accordance with its terms.

Dated: August 6, 2019

MICHAEL W. FITZGERALD
United States District Judge